William **MITCHELL**, Plaintiff-Appellant,

v.

**UNITED PARCEL SERVICE, INC., and Department Store and Wholesale Drivers, Warehousemen and Helpers, Local Union # 177, Defendants-Appellees.**

No. 748, Docket 79–7803.

United States Court of Appeals, Second Circuit.

Argued Feb. 29, 1980.

Decided March 3, 1980.

David Jaroslawicz, New York City (Ira Leitel, Carol Mellor, and Leitel & Jaroslawicz, New York City, on the brief), for appellant Mitchell.

M. David Zurndorfer, New York City (Edward Silver, Mark L. Goldstein, and Proskauer, Rose, Goetz & Mendelsohn, New York City, on the brief), for appellee United Parcel Service, Inc.

Albert S. Parsonnet, Newark, N. J. (Parsonnet, Duggan & Pykon, Newark, N. J., on the brief), for appellee Department Store And Wholesale Drivers, Warehousemen And Helpers Local Union # 177.

Before KAUFMAN, Chief Judge, TIMBERS, Circuit Judge, and WERKER, District Judge.[*]

TIMBERS, Circuit Judge:

Appellant William Mitchell appeals from a judgment entered in the Eastern District of New York, Charles P. Sifton, *District Judge*, dismissing his wrongful discharge complaint under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976), as barred by the 90 day limitation period of § 7511 of the New York Civil Practice Law & Rules. The sole issue on appeal [1] is whether the district court erred in applying § 7511 to the instant action. We hold that it did.

I.

Appellant, a member of Local Union # 177 of the Department Store and Wholesale Drivers, Warehousemen and Helpers, was employed as a car washer by United

---

[*] Hon. Henry F. Werker, United States District Judge for the Southern District of New York, sitting by designation.

1. On appeal, appellees argue that the complaint was properly dismissed not only because it was time-barred, but also because appellant failed to exhaust his intra-union remedies and failed to raise a triable issue concerning appellee union's alleged breach of its duty of fair representation. The district court, however, did not address these issues. We therefore shall not address them for the first time here. Appellees are free to raise these issues in the district court on remand.

Parcel Service, Inc. (UPS). In January 1977 appellant was discharged by UPS for dishonest acts, including "stealing time" and falsifying time cards. Appellant, who denied the charges against him, requested that his union file a grievance on his behalf contesting the discharge. As a member of Local Union # 177, the terms of appellant's employment, including grounds for discharge and grievance procedures, were governed by the collective bargaining agreement between UPS and Local Union # 177. Pursuant to this agreement, appellant's grievance was submitted to an arbitration panel—the Joint Atlantic Area Parcel Grievance Committee—for final resolution. Appellant was represented by his union at the hearing before this panel. On February 16, 1977 the arbitration panel denied appellant's grievance and upheld his discharge. According to the collective bargaining agreement, this decision was final and binding.

Seventeen months after the arbitral decision was rendered, appellant commenced an action under LMRA § 301[2] against his union and employer, alleging that UPS had breached the collective bargaining agreement by wrongfully discharging him and that Local Union # 177 had breached its statutory duty of fair representation by the manner in which it handled appellant's grievance. The district court granted appellees' motions for summary judgment, dismissing the complaint on the ground that the action was barred by the 90 day limitation period set forth in § 7511.[3]

## II.

There is no federal statute of limitations applicable to § 301 actions. As a result, the Supreme Court has held that "the timeliness of a § 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL–CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05 (1966).

The district court, reasoning that "[t]he effect of any grant of relief . . . would be to vacate the determination of the arbitrators", held that the appropriate state statute of limitations was the 90 day period for "application[s] to vacate or modify an [arbitration] award". N.Y.Civ.Prac.Law § 7511 (McKinney 1963). We disagree. We hold that the limitation period which should have been applied is New York's six year period for actions alleging breach of contract. N.Y.Civ.Prac.Law § 213(2) (McKinney 1972).

In addressing the question of which New York statute of limitations should be applied in this case, we turn first to our decision in *Abrams v. Carrier Corp.*, 434 F.2d 1234 (2 Cir. 1970), *cert. denied*, 401 U.S. 1009 (1971), where we held that:

"when a § 301 suit is brought against an employer alleging breach of the collective bargaining agreement in conjunction with a claim that the union breached its fair representation duty to pursue the employee's grievance, the same period of limitations should be applied to both claims. In the present case, the proper limitation period . . . is the six-year limitation set out in N.Y. CPLR § 213(2) for 'an action upon a contractual obligation or liability express or implied.'" *Id.* at 1252–53 (footnote omitted).

The factual claims underlying the § 301 action in *Abrams* were the same as those in the instant case, namely, a wrongful dis-

**2.** Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976), provides in relevant part:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

**3.** N.Y.Civ.Prac.Law § 7511 (McKinney 1963) provides that:

"[a]n application to vacate or modify an [arbitration] award may be made by a party within ninety days after its delivery to him."

charge by the employer coupled with a bad faith failure by the union to represent the employee adequately in discharge proceedings. The only difference between *Abrams* and the instant case is that here the employee was terminated after his grievance was rejected at arbitration, whereas in *Abrams* the grievance was not taken to arbitration. Citing this difference, appellees urge that we apply a different statute of limitations to the § 301 action in this case than the six year statute of limitations which we applied to the § 301 action in *Abrams.* We do not believe that such a fractionalized approach to § 301 wrongful discharge actions is warranted.

In determining which state statute of limitations to apply to a federal cause of action, courts must characterize the action in the manner that "best effectuates the federal policy at issue." *Butler v. Local Union 823, Int'l Brotherhood of Teamsters, etc.,* 514 F.2d 442, 446 (8 Cir. 1975); *Charney v. Thomas,* 372 F.2d 97, 100 (6 Cir. 1967). Appellees, pointing chiefly to the federal policy of according finality to arbitration awards and the federal goal of "relatively rapid disposition of labor disputes", *Int'l Union, etc. v. Hoosier Cardinal Corp., supra,* 383 U.S. at 707, argue that § 301 wrongful discharge actions commenced *after* arbitral decisions should be governed by the 90 day limitation period even if other § 301 wrongful discharge actions are governed by another statute.

We do not agree. The Supreme Court has made it clear that the federal policy of according finality to arbitration awards must yield to the conflicting federal policy of providing employees with the opportunity "to secure individual redress for damaging failure of the employer to abide by the [collective bargaining] contract." *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 571 (1976). In *Hines,* the Court granted discharged employees the right to sue employers and unions under § 301 despite the fact that the discharges had been upheld in "final" arbitration. In so doing, the Court rejected the argument that the federal policy of according finality to arbi-

tration awards prevented employees from contesting arbitral decisions in § 301 actions. If we were to limit employee § 301 actions to a 90 day period following the adverse arbitral decision, we would severely restrict the Supreme Court's decision to allow employees to challenge arbitral decisions in conjunction with charges of bad faith representation by their union.

Furthermore, § 301 actions do not require the short limitation periods which generally are applied to assaults on arbitration awards. Contrary to the district court's characterization, § 301 actions cannot be equated to direct attacks on arbitration awards, nor can they be viewed as the same threat to the finality of arbitration awards. Arbitration awards cannot be vacated pursuant to § 301 on the ground that the arbitrators erred in their factual findings, or that the arbitrators reached faulty legal conclusions, or that the proceedings were flawed. *Hines v. Anchor Motor Freight, Inc., supra,* 424 U.S. at 571; *Barbarino v. Anchor Motor Freight, Inc.,* 421 F.Supp. 1003, 1005 (W.D.N.Y.1976). Rather, actions under § 301 are limited to those rare cases where the discharged employee can demonstrate *both* that the employer violated the collective bargaining agreement by discharging him *and* that the union violated its statutory duty by failing to represent him in good faith.

This is a heavy burden which the § 301 plaintiff must shoulder in order to overturn his discharge. There is no need to increase this burden by requiring the employee to commence the action in an unduly short period of time after his discharge. To require an employee—who is suddenly out of work—to obtain new counsel and file an action against his union and employer all within 90 days of his discharge strikes us as unwarranted.

Neither do we accept the argument that the 90 day limitation period is necessary to further the federal goal of relatively rapid disposition of labor disputes. The Court in *Hoosier, supra,* 383 U.S. at 707, indicated that a six year statute of limitations adequately furthered this federal labor policy.

Far from suggesting that a 90 day period was needed to reach the goal of "relatively rapid" resolution of disputes, the *Hoosier* Court indicated that "unusually short" limitation periods—such as a 60 day New Mexico statute—should not be applied to § 301 actions. 383 U.S. at 707 n.9.

Finally, we note that the characterization of § 301 actions such as the instant one as actions "to vacate arbitration awards" is not even conceptually sound. First, an action to vacate an arbitration award under New York law may not be instituted by discharged employees like appellant. *In re Soto*, 7 N.Y.2d 397, 165 N.E.2d 855, 198 N.Y.S.2d 282 (1960). This difference is not an insubstantial one. While it may be reasonable to require the parties to a bargaining agreement (*i.e.*, the union and the employer) to contest an arbitral decision within 90 days, individual employees may well lack the resources to act as quickly. Second, a § 301 action is procedurally quite distinct from an action to vacate or modify an arbitration award. "Although the effect of a judgment for [the discharged employee] would be to nullify the arbitral decision, the § 301 action is 'independent' of the grievance process . . . . Indeed, such a claim can be brought even before an arbitral decision where a union refuses in bad faith to process a grievance." *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 219 (6 Cir. 1978), *cert. denied*, 440 U.S. 958 (1979); *see Hines v. Anchor Motor Freight, Inc., supra,* 424 U.S. at 567–68; *Vaca v. Sipes*, 386 U.S. 171 (1967).

Regardless of whether an arbitration decision has been entered, the issue in a § 301 wrongful discharge action remains whether the employer has breached the collective bargaining contract and whether a union breach of duty contributed to the contractual breach. *Hines v. Anchor Motor Freight, Inc., supra,* 424 U.S. at 568. The mere fact that an arbitral decision has been rendered during the course of the employee termination process does not convert the character of a § 301 action from an action for breach of contract to an action for vacating an arbitration award.

## III.

In summary, we reject the district court's characterization of the instant § 301 action as an action to vacate an arbitration award, and accordingly reverse the district court's dismissal of appellant's complaint as barred by § 7511. We hold that New York's six year limitation period for contractual breaches, § 213(2), is applicable to LMRA § 301 actions by employees alleging wrongful discharge by the employer and breach of the fair representation duty by the union—regardless of whether the discharge was upheld by an arbitral panel or became final short of arbitration. Applying the six year limitation period of § 213(2) provides for relatively rapid disposition of labor disputes without undermining an employee's ability to vindicate his rights through § 301 actions. Thus, application of § 213(2), rather than § 7511, allows us to "best effectuate" the several federal policies implicated by actions under § 301.

Reversed and remanded.