**GENERAL TEAMSTERS, CHAUFFEURS AND HELPERS, LOCAL UNION NO. 249, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America**

v.

**DeBOLT TRANSFER, INC.**

**Civ. A. No. 81–1463.**

United States District Court,
W. D. Pennsylvania.

Nov. 18, 1981.

---

Ernest B. Orsatti, Pittsburgh, Pa., for plaintiff.

Debra D. Patti, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, Chief Judge.

This is an action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The plaintiff, Local 249 of the General Teamsters, Chauffeurs and Helpers, has brought this action on behalf of one of its members, Richard Samsa. According to the plaintiff's complaint, Samsa had been an employee of the defendant, DeBolt Transfer, since December 17, 1960. On August 3, 1979, Samsa left active employment with DeBolt, having been disabled in a work-related injury. Approximately one year later, on September 22, 1980, Samsa attempted to return to work with DeBolt. The company, however, refused to allow Samsa to return to work contending that there were no openings available for an individual with his skills.

Samsa immediately filed a grievance, alleging that he was being denied employment while other, less senior, employees were being kept on the job. DeBolt responded to this grievance by contending that Samsa did not possess the skills necessary for those jobs held by less senior employees. Therefore, according to DeBolt Samsa had no contractual "bumping" rights in those job classifications. The grievance proceeded through the various stages as described below.

Having failed to resolve this dispute through established grievance procedures the Union filed this lawsuit in the United States District Court for the Western District of Pennsylvania on August 28, 1981. Presently there is pending before this court a Motion to Dismiss filed by defendant DeBolt Transfer, Inc. In this motion the defendant argues, inter alia, that this action is barred by the statute of limitations.

We believe that the defendant is correct in asserting the bar of the statute of limitations in this case. Accordingly, we will grant DeBolt Transfer's Motion to Dismiss.

In this case there is little dispute regarding the applicable statute of limitations. The Labor Management Relations Act, 29 U.S.C. § 185 et seq. does not expressly provide for any statute of limitations on civil actions. Therefore, this court must look to the most nearly analogous

state statute of limitations in determining whether an action brought under Section 301 is time barred. *International Union (U.A.W.) v. Hoosier Cardinal Corporation*, 383 U.S. 696, 699, 86 S.Ct. 1107, 1109–10, 16 L.Ed.2d 192 (1966). When dealing with labor management disputes that are subject to contractual grievance procedures this court has generally applied Pennsylvania's Statute of Limitations governing appeals from arbitration awards. See, *I.B.T. Local 249 v. Motor Freight Express*, 356 F.Supp. 724 (W.D.Pa.1973). We have applied this limitation even in instances where the grievances proceedings do not conclude with binding arbitration. See, *Local 800 v. Lakeshore Motor Freight Co.*, 484 F.Supp. 925 (W.D.Pa.1979).

Accordingly, in this case, Pennsylvania's 30 day statute of limitations governing arbitration awards will control. See 42 Pa. C.S.A. § 7301 et seq.

■ The facts relevant to our determination of this statute of limitations defense are as follows: On or about September 22, 1980, Richard Samsa filed a grievance against his former employer, DeBolt Transfer. At that time the collective bargaining agreement between the parties provided for a three step grievance procedure. The first step involved a meeting between the shop steward and committee and the employer to discuss the employee's grievance. If the grievance was not resolved at this level then a meeting was to be held between the business agent, steward and committee, and the employer. Finally, the contract provided for a committee to hear grievances which had not been resolved in the first two steps. This committee was to consist of two representatives selected by the employer, and two representatives selected by the union. Under the terms of the contract this "third step hearing [is] to be held within fifteen days." Presumably this means that the third step hearing was to follow within fifteen days of the second step conference. The contract also indicated that "a decision by the appropriate persons in any step of the grievance procedure shall be final and binding on all the parties to the grievance."

On or about January 12, 1981, a meeting was held between Mr. Charles Byrnes, President of Local 249, Mr. William Barker, Business Agent for Local 249, and representatives of DeBolt Transfer. At that meeting Mr. Samsa's grievance was discussed. On January 22, 1981, S. E. Wilmot, the General Manager of DeBolt Transfer, wrote to Mr. Byrnes to clarify the company's position on a number of matters discussed at this meeting. Included among these matters was the Samsa grievance.

In this letter, Wilmot, on behalf of DeBolt unequivocally rejected Samsa's grievance stating, "with regard to the matter involving Richard Samsa, the company feels that it has neither a moral nor a contractual responsibility to give said employee the opportunity to do work that he is neither experienced nor trained to do."

We believe these facts demonstrate that the statute of limitations began to run in this case on January 22, 1981. Admittedly, it is not entirely clear whether the meeting conducted on January 12, 1981 was a second or third step meeting under the contractual grievance procedure. However, we need not resolve this question because, under either characterization of the January 12 meeting, the statute of limitations has expired.

Clearly if this meeting constituted the third and final stage of the grievance proceedings then the employer's letter of January 22, 1981 rejecting Samsa's grievance would be a final decision triggering the operation of this statute of limitations. On the other hand if this meeting was a second step conference then the Union had only 15 days to proceed to the third step hearing. Moreover, under the collective bargaining agreement failure to hold a third step hearing within 15 days resulted in the parties being bound by the result reached at the second step conference. That result, as expressed in the January 22nd letter, was a clear denial of Samsa's grievance.

In this case the plaintiff has not alleged that a timely third step meeting was ever conducted following receipt of the January 22 letter. Nor can the plaintiff show that

this lawsuit was timely filed following the unfavorable result received at the January 12th conference. Therefore, we conclude that the plaintiff is now barred by the statute of limitations from pursuing this matter.

In its response to this motion the plaintiff argues that there are unresolved factual questions which preclude statute of limitations dismissal of this action. To support this argument plaintiff has submitted an affidavit of William Baker, the business agent of Local 249. In his affidavit Barker admits that he was present at the January 12th meeting; admits that no third step hearing was ever held on this grievance; and admits that DeBolt Transfer has consistently refused to grant Samsa's grievance. Despite these admissions Barker contends that he still believed Samsa's grievance to be pending until August 27, 1981, one day prior to the filing of this lawsuit.

This affidavit is not, in our view, sufficient to defeat defendant's motion to dismiss. In fact, the affidavit is directly supportive of that motion. In his affidavit Barker admits that DeBolt Transfer had clearly expressed its position on Samsa's grievance following the meeting held in January of 1981. Barker also concedes that this grievance never proceeded to a third step hearing within the 15 day period specified in the contract. Therefore, by the very terms of the collective bargaining agreement, the decision made in January of 1981 became final and binding on all parties.

The Union, as well as management, must be bound by the plain language of the collective bargaining agreement. Under the terms of this agreement proceedings on Mr. Samsa's grievance should have been terminated in January of 1981. There is no evidence that any of these contractual grievance procedures were in any way waived by the parties. Therefore, the plaintiff cannot defeat the statute of limitations by arguing, in face of the express terms of the bargaining agreement, that it believed that the grievance was still pending.

An appropriate order will issue.