Raymond L. SANDERS, Plaintiff,

v.

The GRAND UNION COMPANY, a/k/a Colonial Stores Division of the Grand Union Company, etc., et al., Defendant.

No. 81–808–Civ–J–B.

United States District Court, M. D. Florida, Jacksonville Division.

June 21, 1982.

Jere D. McWinn, Jacksonville, Fla., for plaintiff.

Richard R. Boisseau, Kilpatrick & Cody, Atlanta, Ga., for defendant Grand Union.

Richard Roesel, Washington, D. C., for defendant Local 441.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

SUSAN H. BLACK, District Judge.

This cause is before the Court on the parties' cross motions for summary judgment. Plaintiff Raymond Sanders commenced this action on August 12, 1981, claiming (1) that he was wrongfully terminated from his employment with the defendant Grand Union Company in violation of the collective bargaining agreement (hereinafter, the "contract") between Grand Union and the defendant United Food and Commercial Workers International Union, AFL–CIO, Local 441, and (2) that the union, Local 441, breached its duty of fair representation in its handling of his discharge grievance. Plaintiff seeks an award of monetary damages, reinstatement of his prior position with defendant Grand Union,[1] and an award of attorney's fees and costs.

Defendant Grand Union filed its Motion for Summary Judgment on May 21, 1982, arguing (1) that plaintiff's claims are barred by the applicable statute of limitations; (2) that Grand Union's decision to terminate plaintiff for drinking beer while on duty in violation of a posted company rule was for "just cause" and thus did not violate the contract; (3) that Grand Union subsequently discovered another violation of company rules, i.e., falsification of employment data, which would have led to plaintiff's discharge even if he had not been discharged for drinking on duty; and (4) that, even assuming that there had been a breach of the contract by Grand Union, plaintiff has not presented facts sufficient to support a finding of breach of duty of fair representation against Local 441. Defendant Local 441 filed its Motion for Summary Judgment on the same date. Local 441's argument was based upon two grounds, identical to grounds numbered one (1) and four (4) of Grand Union's motion, *supra*. Plaintiff also filed his Motion for Summary Judgment, limited to the statute of limitations defense, on May 21, 1982.

Plaintiff's response to defendants' motions was filed on June 4, 1982. Plaintiff requested and was granted leave to supplement that response with an additional memorandum, which was filed June 9, 1982. On that same date, plaintiff filed three (3) affidavits in further support of his response to defendants' motions. Additional affidavits were filed June 14, 1982, June 16, 1982, and June 18, 1982. Defendants filed their response to plaintiff's motion on June 7, 1982, and submitted replies to plaintiff's response to their motions on June 9 and 10, 1982.

## FACTS

The facts of this case have been set out in great detail by both defendants in the memoranda submitted in support of their respective motions for summary judgment. For that reason, they will not be belabored

---

1. Plaintiff's claim for reinstatement is now moot because defendant Grand Union has closed its operations in this state.

here. The material facts with reference to plaintiff's termination are undisputed. Plaintiff applied for a management position with defendant Grand Union in January, 1980. Plaintiff ultimately assumed the position of Assistant Manager at the company's Big Star Grocery Store in Fernandina Beach, Florida. The incident which led to plaintiff's discharge occurred on a Sunday evening in late June, 1980. Plaintiff was, at that time, responsible for overseeing the cleaning and waxing of the store floors. It was while he was observing the cleaning crew through the window from a vantage point outside of the store that he consumed one and one-half eight ounce bottles of beer. Plaintiff admits that he consumed the beer, and that he knew it was against company rules, which were posted on the company premises. However, he contends that a former store manager had previously given him permission to drink while supervising the cleaning crew, and that other company employees had been permitted to drink on the store premises with impunity.

Shortly after the drinking incident, plaintiff was notified that he would be terminated for violation of company rules, i.e., drinking on the job. He then contacted the president of Local 441, Bill Murray, to institute grievance proceedings against Grand Union. Ultimately, after an investigation by both Grand Union and Local 441, the case proceeded to arbitration under Article 7(b) of the contract. The Arbitration Board, composed of one union and one company representative, met on August 8, 1980. After hearing plaintiff's presentation, Grand Union, on August 15, 1980, declined to reinstate plaintiff. This was due, in addition to plaintiff's admitted violation of the "no drinking" rule, to plaintiff's falsification of employment data. In the course of Grand Union's investigation, it was determined that plaintiff had been discharged by one of his previous employers, Pantry Pride, for theft of company property. Plaintiff had failed to disclose this fact in his application for employment with Grand Union, and had indicated that he had left Pantry Pride simply to go to another employer. Although plaintiff admits that he falsified the information in question, he argues that Grand Union somehow "waived" its right to discharge him on this ground due to its failure to uncover the deception earlier.

After Grand Union's August 15, 1980, decision to decline reinstatement, Local 441 president Bill Murray called a meeting for early September, 1980 in order to present plaintiff's case to the union's executive board. After hearing the witnesses' statements that had been collected, and after plaintiff had been given an opportunity to voice his view of the case, the board asked plaintiff a number of questions. Plaintiff was then excused from the meeting, and the board unanimously voted against taking the grievance through any further arbitration. Plaintiff was notified of the union's decision shortly thereafter. However, plaintiff chose not to institute this action until August 12, 1981, approximately eleven (11) months after learning of the Arbitration Board's Article 7(b) determination.

## STATUTE OF LIMITATIONS DEFENSE

As noted previously, defendants contend that this action is time-barred by application of Florida's ninety-day statute of limitations governing actions to vacate arbitration awards. Fla.Stat. § 682.13(2) (1981). Plaintiff maintains, however, that this action is controlled by the four-year statute applicable to suits founded upon tort, which statute is found in Fla.Stat. § 95.11(3) (1981).

Defendants' motions for summary judgment on the statute of limitations defense are grounded primarily upon the United States Supreme Court's holding in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In *Mitchell*, the question for the Court's consideration was which state statute of limitations should apply to an employee's action against his employer under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

Plaintiff in *Mitchell*, upon discharge from his employment, requested his union to file

a grievance on his behalf contesting the discharge. The grievance was submitted for arbitration by a Joint Panel, composed of three union and three company representatives. The panel rendered a decision adverse to plaintiff, whereupon he instituted his action against the former employer in federal court. The suit was ultimately found to have been untimely filed, having been commenced outside of the ninety-day period imposed by the State of New York for the bringing of an action to vacate an arbitration award. Plaintiff had maintained that his action was governed by the six-year period applicable to suits for breach of contract.

Plaintiff herein maintains that Florida's four-year statute of limitations for actions founded upon tort should apply to this action. His contention is based upon the case of *Sanderson v. Ford Motor Company*, 483 F.2d 102 (5th Cir. 1973), wherein the Alabama state statute of limitations for tort actions was held to apply to a section 301 suit. *Sanderson*, however, is distinguishable from this case on several grounds, the first being that it predated *Mitchell*, and the second being that it contains no discussion of a special statutory period for vacation of arbitration awards—thus, the applicability of such a statute was not even considered by the *Sanderson* court.

Section 301 suits against both the employee's union and former employer have been characterized in recent decisions, for statute of limitation purposes, as suits to vacate arbitration awards. *Mitchell, id.; Davidson v. Roadway Express, Inc.*, 650 F.2d 902 (7th Cir. 1981) (applying Indiana's ninety-day statute of limitations governing actions to vacate an arbitration award to employee's suit against employer for alleged breach of collective bargaining agreement); *Suwanchai v. International Brotherhood of Electrical Workers, Local 1973*, 528 F.Supp. 851 (D.N.H.1981) (applying New Hampshire's one-year statute of limitations governing actions to vacate an arbitration award to employee's breach of duty of fair representation suit against union); *Talley v. United States Postal Service*, 526 F.Supp. 151 (D.Minn.1981) (applying Minnesota's

ninety-day statute of limitations governing actions to vacate arbitration award to employee's suit against employer and union); *Kikos v. International Brotherhood of Teamsters, etc.*, 526 F.Supp. 110 (E.D.Mich. 1981) (applying Michigan's twenty-day rule governing arbitration attacks to employee's suit against employer and union); *General Teamsters, etc., v. DeBolt Transfer, Inc.*, 525 F.Supp. 1238 (W.D.Pa.1981) (applying Pennsylvania's thirty-day statute of limitations regarding arbitration awards to union's action against employer); *Sheeran v. M. A. Bruder & Sons, Inc.*, 524 F.Supp. 567 (E.D.Pa.1981) (applying Pennsylvania's three-month limitation period regarding appeals of arbitration awards to employee's suit against employer and union).

Plaintiff maintains, however, that this line of authority is not applicable to his action because the decision of the Arbitration Board herein was not "final and binding." However, the finality *vel non* of disposition by the Arbitration Board is not readily apparent from a reading of the contract (Appendix to defendant Local 441's Motion for Summary Judgment, at 115). The contract provides that the employee's grievance should proceed to an impartial arbitrator if the Arbitration Board is unable to agree on the disposition of the grievance. Thus, if the union and company representatives who sit on the Board disagree, their decision, of necessity, is not final, and is presented to an impartial arbitrator. The arbitrator's decision, by the terms of this agreement, is final and binding on all parties to the contract. The problem now is to determine what happens when the parties (i.e., the company and the union) agree. Certainly, the agreement must be "final and binding" as to the employer and the union. The question is whether it is final and binding upon the employee.

The terms of the contract itself provide that Local 441 is to be the sole and exclusive bargaining agent for all employees employed in the grocery and produce departments of Grand Union's stores. This provision would be devoid of meaning if decisions rendered by Local 441 were not final

and binding upon its members. The fact that plaintiff's grievance never reached impartial arbitration (i.e., arbitration by someone other than the Arbitration Board, which was composed of one company and one union representative) does not detract from the finality of the Arbitration Board's decision as it related to him.

In *Fields v. Babcock & Wilcox*, 108 L.R. R.M. 3150 (W.D.Pa.1981), the Court dealt with a situation where the grievance procedure broke down at a point prior to formal arbitration. Giving particular weight to the federal policy favoring speedy resolution to labor disputes, which received the imprimatur of the United States Supreme Court in *Mitchell*, the court held that the rule of *Mitchell* should not be restricted to the final stage of arbitration alone. On facts closely paralleling those in the instant case, the *Fields* court applied Pennsylvania's ninety-day statute of limitations for appeals from arbitration awards to the employee's breach of contract (i.e., collective bargaining agreement) suit against his former employer, and the breach of duty of fair representation suit against his union. This Court concurs with the reasoning expressed in *Fields* and will, therefore, render summary judgment against plaintiff herein on the grounds that his suit is time-barred under Florida's ninety-day statutory period for actions to vacate arbitration awards.

In light of the Court's determination that summary judgment should be rendered for defendants on the statute of limitations defense, the remaining grounds raised in their motions will not be discussed.

Accordingly, it is

ORDERED:

1. That defendant Grand Union Company's Motion for Summary Judgment, filed herein on May 21, 1982, is granted. The Clerk is hereby directed to enter judgment for defendant Grand Union Company.

2. That defendant Local 441's Motion for Summary Judgment, filed herein on May 21, 1982, is granted. The Clerk is hereby directed to enter judgment for defendant United Food and Commercial Workers International Union Local 441.

3. That plaintiff's Motion for Summary Judgment, filed herein on May 21, 1982, is denied.