**Clarence H. HAND, Plaintiff-Appellant,**

v.

**INTERNATIONAL CHEMICAL WORKERS UNION, International Chemical Workers Union Local No. 328, and Arizona Chemical Company, Defendants-Appellees.**

**No. 81–5828.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 2, 1982.

Opinion on Rehearing and Rehearing En Banc Nov. 8, 1982.

---

Brian A. Dusseault, Panama City, Fla., for plaintiff-appellant.

Robert M. Young, Asst. Counsel, Intern. Chemical Workers Union, Akron, Ohio, for Intern. Chemical Workers Union.

Wade B. Perry, Jr., Mobile, Ala., for Arizona Chemical Co.

Pilacek, Egan, Cohen & Williams, Thomas J. Pilacek, Orlando, Fla., for Intern. Chemical Workers Union Local No. 328.

Before TUTTLE, RONEY and CLARK, Circuit Judges.

TUTTLE, Circuit Judge:

The appellant seeks to have this Court fill in what he claims to be a gap left open in the recent Supreme Court opinion in *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In seeking this result, appellant is one of many litigants who now have sought to have a Court decide that the opinion in *United Parcel Service* does not prescribe that an action against an employer and his union as bargaining agent is *barred as to the union* by a state limitations statute dealing with the setting aside of an arbitration award. The Court held in *United Parcel Service*, a case in which only the employer appealed from a lower court's decision to the contrary, that an employee's suit based upon his allegations of illegal firing, taken to an arbitration board and resolved by a final decision of that board, was tantamount to a suit to set aside an arbitration proceeding as defined in many state statutes. Such statutes generally read in terms of not more than 90 days' limitations.

The facts, necessary to an understanding of our discussion of this case, are relatively simple. On March 6, 1979, Clarence Hand was an employee of the defendant, Arizona Chemical Company, in its chemical plant. By mistake or error he released for storage, some of the company's product, after an improper treatment had been accorded it. His work shift ended and he left the plant, according to his contention, without having become aware of the mistake. The error was caught the following day and partially rectified, but the company suffered a loss by reason of Hand's improper handling of the product. Being faced on March 7 by a company representative, and together with his local union agent, Hand was notified that he was discharged effective the previous day. Thereupon, the union agent requested that Hand be permitted to resign effective on that same day. This request was acquiesced in by the company, and on the following day, Hand wrote his letter of resignation, which was accepted by the company. Thereafter, Hand requested the company to withdraw his resignation and to reinstate him. This was refused. Thereupon, the local union filed a grievance which, a considerable time later, ripened into a hearing by an arbitrator, as provided in the company's bargaining agreement with the union. The arbitrator found that Hand's resignation was effective and voluntary and, therefore, did not reach the basic ques-

tion as to the propriety of the sanction of discharge under the circumstances.

Shortly after three months following the receipt of the arbitrator's report, Hand filed this action in the Florida state court. It was removed to the United States District Court. It alleged a violation by the company of its bargaining agreement in effecting his discharge and a violation by the union fairly to represent him at and before the arbitration proceedings. By the time the case was ripe for consideration of the motions by the defendants, the employer and the unions, the Supreme Court had announced its decision in *United Parcel Service, Inc. v. Mitchell, supra.* Based on that decision, which the trial court here called a "spotted dog" case, the district court dis-

missed the complaints against both employer and the unions.

By his appeal here, Hand joins with a substantial number of present or former union members who have appealed from, or who are relying upon, district court decisions placing their different interpretations on the *United Parcel Service* case. Only one of these cases, so far as has been discovered by us, deals with the precise issue which we face and has been decided by the Court of Appeals of any of our Circuits. This is the case of *Flowers v. Steel Workers Local 2602,* 671 F.2d 87 (2d Cir. 1982), 109 LRRM 2805.

We now look at the Court's opinion in *United Parcel Service v. Mitchell,*[1] *supra.*

---

1. For convenience, and to ensure absolute accuracy, we quote that part of the opinion of the Court stating the posture of the case there:

Petitioner United Parcel Service, Inc. (UPS) employed respondent Mitchell (respondent) as a car washer at its facility on Staten Island, N. Y. On January 13, 1977, respondent was discharged for dishonest acts, including falsifying his timecards and claiming payment for hours which he did not work. Respondent denied the charges against him and requested his union, Department Store and Wholesale Drivers, Warehousemen and Helpers, Local Union No. 177 (the Union), to file a grievance on his behalf contesting the discharge. UPS and the Union were parties to a collective-bargaining agreement which provided a grievance and arbitration procedure for the resolution of disputes covered by the agreement. App. 57–67. Pursuant to the agreement respondent's grievance was submitted to a panel of the Atlantic Area Parcel Grievance Committee, composed of three union and three company representatives (the Joint Panel). Cf. *Hines v. Anchor Motor Freight, Inc., supra,* [424 U.S. 554] at 557, n.2 [96 S.Ct. 1048 at 1052, n.2, 47 L.Ed.2d 231]. The Joint Panel conducted a hearing at which respondent was represented by the Union, and on February 16, 1977, it announced its decision that the discharge be upheld. App. 103–104. Under the collective-bargaining agreement this decision was "binding on all parties." *Id.* at 66; see *id.* at 103.

Seventeen months later, on July 20, 1978, respondent filed a complaint in the United States District Court for the Eastern District of New York against the Union and UPS under § 301(a) of the Labor Management Relations Act, 20 U.S.C. § 185(a). See *Hines v. Anchor Motor Freight, Inc., supra.* He alleged that the Union had breached its duty of fair representation and that UPS discharged

him not for the stated reasons, which it knew to be false, but to achieve savings by replacing full-time employees with part-time employees. App. 7–13. Both UPS and the Union moved for summary judgment on the ground that the action was barred by New York's 90-day statute of limitations for actions to vacate arbitration awards. Section 7511(a) of the N.Y.Civ.Prac.Law (McKinney 1963) provides that "[a]n application to vacate or modify an [arbitration] award may be made by a party within ninety days after its delivery to him."

The District Court granted summary judgment in favor of UPS and the Union, ruling that respondent's action was properly characterized as one to vacate the arbitration award entered against him. The court reasoned: "The relief sought was expressly denied in an arbitration proceeding. The effect of any grant of the relief sought . . . would be to vacate the determination of the arbitrators." App. 120. Respondent appealed and the Court of Appeals for the Second Circuit reversed. 624 F.2d 394 (1980). That court held that the District Court should have applied New York's 6-year limitations period for actions alleging breach of contract. N.Y. Civ.Prac.Law § 213(2) (McKinney 1972). It reasoned that respondent's action was analogous to a breach-of-contract action because the issues were whether the collective-bargaining agreement had been breached and whether the Union contributed to that breach by failure to discharge its duty of fair representation. The court further reasoned that a 6-year limitations period "provides for relatively rapid disposition of labor disputes without undermining an employee's ability to vindicate his rights through § 301 actions." 624 F.2d at 397–398.

As stated, the facts present precisely the same issue that is before this Court. Mitchell had been discharged from his employment; his union filed a grievance which was pursued through an arbitration, the arbitration resulted in a decision favorable to the employer and Mitchell's discharge was confirmed. *Seventeen months* thereafter Mitchell filed a suit claiming that he had been fired in violation of his employment contract and that the union had failed to provide him with fair representation during and at the arbitration hearing. The district court granted summary judgment in favor of the employer and the union, ruling that respondent's action was properly characterized as one to vacate the arbitration award entered against him. The appropriate statute of limitations for vacating an arbitration award in New York state is three months.[2] Upon appeal, the Court of Appeals for the Second Circuit reversed, holding that the district court should have applied New York's six year limitations period for actions alleging breach of contract.

Only the United Parcel Service, Inc., the employer, appealed from that decision. So, in point of literal fact, the only issue upon which the Supreme Court could pass was the correctness of the Circuit Court's judgment dealing with the statute of limitations barring the employee's suit against his employer. The Court made this plain in the first paragraph of the opinion:

> We are called upon in this case to determine which state statute of limitations period should be borrowed and applied to an employee's action *against his employer* under section 301(a) of the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U.S.C. 185(a) and *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). (Emphasis added.)

451 U.S. at 58, 101 S.Ct. at 1561. Also, the Court at footnote 4, in discussing Mitchell's

suggestion that the kind of action dealt with might also be characterized as actions upon a statute, personal injury actions, or malpractice actions, all governed by a three-year limitations period in New York, stated:

> All of these characterizations suffer from the same flaw as the effort to characterize the action as one for breach of contract: they overlook the fact that an arbitration award stands between the employee and any relief which may be awarded *against the company.* (Emphasis added.)

451 U.S. at 62, 101 S.Ct. at 1564.

Noting that the majority opinion did not expressly state that the Court's discussion of the limitations period as being controlled by the 90-day statute required that the same statute would be applicable in a suit against the union for lack of fair representation, Justice Stevens, in a separate opinion expressed the view that a different statutory period should be applied in a contest between the employee and his union. He stated:

> The employee's claim against his union for breach of the duty of fair representation, however, is of a far different character. Although this claim is closely related to the claim against the employer, the two claims are nonetheless conceptually distinct ... therefore, with respect to the employee's action against the union, the finality and certainty of arbitration are not threatened by the prospect that the employee might prevail on his judicial claim. Because no arbitrator has decided the primary issue presented by this claim, no arbitration award may be undone, even if the employee ultimately prevails.

451 U.S. at 73, 101 S.Ct. at 1569 (footnotes omitted.)

**2.** Since section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) does not contain a statute of limitations, the Court

We granted UPS' petition for certiorari. 449 U.S. 898, 101 S.Ct. 265, 66 L.Ed.2d 127 (1980).

properly referred to a state limitations statute which it found to be "the most appropriate one provided by state law." *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

Shortly after the Court of Appeals for the Second Circuit had decided *United Parcel Service, Inc., et al. v. Mitchell,* 624 F.2d 394, it reversed a southern district court judgment which had dismissed a similar suit brought on behalf of an employee against his employer and his union. *Flowers v. United Steel Workers Local 2602,*[3] 622 F.2d 573 (2d Cir. 1980). Steel Workers Local filed their petition for certiorari in the Supreme Court from the adverse decision of the Second Circuit and on May 4, the Court entered the following order:

> 80–26—*United Steel Workers v. Flowers*
> The petition for writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Second Circuit for further consideration in light of *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981).

Upon remand, the Court of Appeals in a two-judge opinion, the third member of the original panel having left the Court in the meantime, concluded as it was required to, that United Parcel Service required that it reverse its position as to the statute of limitations affecting the claim *against the employer* but it then concluded:

> Conceptually, then, we agree [with Justice Stevens' opinion] that the claim against the union is not governed by the statute of limitations for actions to vacate arbitrations.

671 F.2d at 89.

We agree that this conclusion does no violence to the decision of the Court in *United Parcel Service,* since whatever implications may be thought to arise from some of the language in that opinion which was broad enough to include all parties to this type of litigation, the Court did not have that issue squarely before it. Moreover, we are persuaded because of the stance of the case before us. During oral argument, counsel for the unions was queried and answered as follows:

> Question from the Court: But isn't it also possible though that the union may be guilty of improper conduct and yet the award might stand.
> A. That is a possibility, however....
> Q: The union might be charged with having inadequately presented the case but that would not necessarily result in setting aside the award. Is that not possible?
> A: Conceptually that is possible, Your Honor, I will concede that. However, in the posture of this matter that is merely splitting hairs. The only relief he is asking for is to have the arbitration award vacated....
> Q: And he asked for damages.
> A: He asked for damages for back pay.

Thus, it is conceded here that whatever may be the interrelation between other actions by an employee against his employer and the union, the complaint in this action was adequate to allege a claim for want of fair representation by the union which could subsist without reference to the claim against the company and thus without reference to the setting aside of the arbitration award. This principle is also discussed in Justice Stevens' dissenting opinion where at footnote 4, he stated:

> While an arbitration decision favorable to the employer—for example, that the discharge did not reach the collective bargaining agreement—would be of substantial significance in an employee's suit against his union, it would not necessarily be dispositive. The determination of whether the employer breached the agreement may be highly relevant to the amount of damages caused by the union's alleged breach of duty, but it is not necessarily controlling with respect to the threshold question whether there was any breach of duty by the union at all. For example, if, solely for reasons of racial bias, a union processes a discharged employee's grievance in bad faith, the union breaches its duty of fair representation. Cf. *Steel v. Louisville & Nashville Railroad Co.,* 323 U.S. 192 [65 S.Ct. 226, 89 L.Ed. 173]. The fact that the underlying discharge may not have violated the collective bargaining agreement does not necessarily absolve the union of liability for its breach, although it may limit the size of the employee's recovery against the union. Thus, while a court considering an employee's claim against his union will evaluate the validity of the employer's underlying conduct, that evaluation

---

**3.** For a history of this litigation see *Flowers v. Steel Workers Local 2602,* 671 F.2d 87, 109

LRRM 2805, on remand from the Supreme Court.

is not central to the resolution of the duty of fair representation claim—between duty of fair representation.

451 U.S. at 73, 101 S.Ct. at 1569.

We concur in the *Flowers* court's conclusion:

> We believe Justice Stevens to be correct that the claim against the union for unfair representation may not be "characterized as an action to vacate an arbitration award." [451 U.S. at 73, 101 S.Ct. at 1569]. If the employee prevails against the union, the arbitration award is not affected since the arbitration "joint panel" did not address any dispute between the employee and the union. Moreover, the claim that the union breached its duty of fair representation, as Justice Stevens pointed out in his footnote 3 (footnote omitted) could not be resolved in the arbitration proceeding because it arose out of the conduct of that proceeding itself. Conceptually, then, we agree that the claim against the union is not governed by the statute of limitations for actions to vacate arbitrations.

*Flowers v. Steel Workers, Local 2602,* 671 F.2d at 89.

We next turn to the question, which statute of limitations of the State of Florida would be appropriate under the circumstances? In this respect, we are guided by the opinion of the Court of Appeals for the Fifth Circuit, by which we are bound,[4] in *Sanderson v. Ford Motor Co.,* 483 F.2d 102 (5th Cir. 1973), that the state statute of limitations for tort actions should apply to fair representation actions. In the State of Alabama, whose statute was considered in *Sanderson,* the limitation was one year. Here we deal with a Florida statute. Section 95.11(3)(a), Florida statutes, provides a four-year limitation for negligence actions and 95.11(3)(*o* ) provides for a four-year limitation for intentional torts. Since appellant's suit was filed within four months of the injury complained of, neither statute would bar the claim.

The judgment of the district court is AFFIRMED as to the claim against Arizona Chemical Company. It is REVERSED as to the claim against International Chemical Workers Union and International Chemical Workers Union Local No. 328 and REMANDED for further proceedings not inconsistent with this opinion.

4. *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981).

REHEARING AND REHEARING EN BANC

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

A member of this Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by this Court en banc *with* oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.