**Clarence H. HAND, Plaintiff-Appellant,**

v.

**INTERNATIONAL CHEMICAL WORKERS UNION, International Chemical Workers Union Local No. 328, and Arizona Chemical Co., Defendants-Appellees.**

**No. 81–5828.**

United States Court of Appeals, Eleventh Circuit.

Aug. 8, 1983.

Brian A. Dusseault, Panama City, Fla., for plaintiff-appellant.

Robert M. Young, Asst. Counsel, Intern. Chemical Workers Union, Akron, Ohio, for Intern. Chemical Workers Union.

Wade B. Perry, Mobile, Ala., for Arizona Chemical Co.

Pilacek, Egan, Cohen & Williams, Thomas J. Pilacek, Orlando, Fla., for Intern. Chemical Workers Union Local No. 328.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The original panel opinion in this case [1] was vacated to be reviewed by the en banc court of this Circuit which withheld its ruling pending the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). It has now been remanded, 712 F.2d 456, to the panel for reconsideration in light of *DelCostello.*

The issue before us in our prior hearing was the applicable statute of limitations to an employee's suit against an employer and a union alleging a breach by the employer of a collective bargaining agreement and a breach by the union of its duty of fair representation in its handling of the subsequent grievance procedure against the employer. The trial court had dismissed the plaintiff-employee's claims against both the union and the employer for lack of timeliness. Based on the Supreme Court's ruling in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), we held that the employee's claim against the employer was governed by Florida's 90-day statute of limitations for the vacation of an arbitration award. Fla.Stat. Ann. § 682.13(2). In the absence of guidance from the Supreme Court on the applicable statute of limitations to the fair representation claim, we applied Florida's four-year statute of limitations for negligence and intentional torts. Since the employee in the present case had brought his collective bargaining/fair representation claims within four months of the injuries complained of, we reversed the district court's dismissal of the suit against the union and affirmed the dismissal as to the employer.

In *DelCostello,* the Supreme Court overturned its prior decision in *Mitchell* and ruled that the six month statute of limitations of Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), governed both facets of the "hybrid" collective bargaining/fair representation claim. Since the action brought by the employee in the present case is clearly in the same factual and legal posture as the situation considered in *DelCostello,* we are compelled to amend our previous ruling and hold that the district court erred in dismissing both as to the defendant-union, the International Chemical Workers, and the defendant-employer, the Arizona Chemical Company. We therefore REVERSE and REMAND for further proceedings not inconsistent with this opinion.

1. 681 F.2d 1308 (11th Cir.1982).