720 F.2d 1247
 99 Lab.Cas. P 10,611
 George C. ROGERS, Plaintiff-Appellee,
v.
LOCKHEED-GEORGIA COMPANY and the Aeronautical Machinists
Local Lodge 709, the International Association of
Machinists and Aerospace Workers,
Defendants-Appellants.
Otis BATES, Plaintiff-Appellant,
v.
AMERICAN TARA CORPORATION, et al., Defendants-Appellees.
Raymond L. SANDERS, Plaintiff-Appellant,
v.
The GRAND UNION COMPANY and United Food and Commercial
Workers International Union, Local 441,
Defendants-Appellees.
Ronald Arthur LAKE, Plaintiff-Appellant,
v.
MARTIN MARIETTA CORPORATION, a foreign corporation; Local
788, United Automobile, Aerospace and Agricultural Implement
Workers of America; and International Union, United
Automobile Aerospace and Agricultural Implement Workers of
America, Defendants-Appellees.
Bernard GRAHAM, Plaintiff-Appellee,
v.
INTERNATIONAL CHEMICAL WORKERS UNION, LOCAL 784,
Defendant-Appellant.
Derrick HANSON, Plaintiff-Appellant,
v.
MOTOR CONVOY, INC., and International Brotherhood of
Teamsters, Chauffeurs, Warehousemen and Helpers of
America, Local 390, an unincorporated
local organization,
Defendants-Appellees.
 Nos. 81-7810, 82-8137, 82-3005, 82-5625, 82-5115, 82-5194,
82-5313 and 82-5589.
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 5, 1983.
 
 Duane C. Aldrich, Kilpatrick & Cody, Thomas H. Christopher, Daniel M. Klein, Atlanta, Ga., for Lockheed-Georgia Co.
 Adair, Goldthwaite & Daniel, Atlanta, Ga., for Aeronautical Machinists Local.
 Eugene Novy, Penelope W. Rumsey, Atlanta, Ga., for Rogers.
 Charles L. Jurjevich, Atlanta, Ga., for Bates.
 Charles K. Howard, Jr., Atlanta, Ga., for defendants-appellees in 82-8137.
 J. Michael Walls, Atlanta, Ga., for Printing Specialties, etc., Aeronautical Machinists Local, et al.
 Frank B. Shuster, Atlanta, Ga., for American Tara Corp.
 Jere D. McWinn, Stayton, Or., John P. Stone, Jr., Jacksonville, Fla., for Sanders.
 Richard Roesel, Washington, D.C., R. Slaton Tuggle, III, Richard R. Boisseau, Richard R. Carlson, Atlanta, Ga., for Local 441.
 Rodney W. Smith, Alachua, Fla., for Lake.
 Thomas C. Garwood, Jr., Akerman, Senterfitt & Eidson, Orlando, Fla., Robert S. Giolito, Stanford, Fagan & Giolito, Atlanta, Ga., for defendants-appellees in 82-5625.
 Thomas J. Pilacek, Pilacek, Cohen & Associates, Orlando, Fla., for Intern. Chemical Workers Union, Local 784.
 Allan M. Elster, Elster & Schwartz, North Miami Beach, Fla., for Local 390.
 Joseph H. Lowe, Marlow, Shoft, Ortmayer, Smith, Connell & Valerius, Miami, Fla., for Motor Convoy.
 Harold Bronstein, Coconut Grove, Fla., for Hanson.
 Appeals from the United States District Court for the Northern District of Georgia.
 Appeals from the United States District Court for the Middle District of Florida.
 Appeals from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.
 GODBOLD, Chief Judge:
 
 
 1
 These six consolidated cases were stayed pending this court's en banc consideration of Hand v. International Chemical Workers Union, No. 81-5828. Hand and the present cases involve the applicable statute of limitations for an action that combines a breach of contract claim against an employer with a breach of duty of fair representation claim against a labor union. After this court granted en banc consideration to Hand, 681 F.2d 1308, the Supreme Court granted certiorari in two cases presenting the same issue, see DelCostello v. International Brotherhood of Teamsters and United Steelworkers of America v. Flowers, U.S. ----, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982), and en banc consideration was withheld pending decision in DelCostello. The Court decided DelCostello June 8, 1983, see --- U.S. ----, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and the en banc court then remanded Hand to the panel for consideration in light of DelCostello. See 712 F.2d 456 (11th Cir.1983). On August 8, 1983, the panel issued its decision in Hand. See 712 F.2d 1350 (11th Cir.1983).
 
 
 2
 In DelCostello the Supreme Court held that the six-month statute of limitations under section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b) (1976), governed a hybrid breach of contract/duty of fair representation claim. Each of the hybrid actions in these six cases was filed outside the six-month limitations period. The only remaining issue is whether the six-month period of DelCostello will be applied retroactively to these cases. We have considered supplemental briefs from the parties on this issue. We hold that DelCostello does apply.
 
 I. Retroactivity
 
 3
 It is a "general rule of long standing ... that judicial precedents normally have retroactive as well as prospective effect." National Association of Broadcasters v. FCC, 554 F.2d 1118, 1130 (D.C.Cir.1976). The Supreme Court in DelCostello applied its decision retroactively to the parties before the Court. Plaintiff Flowers, in the companion case to DelCostello, filed suit in 1979 on a cause of action that had accrued 10 months earlier. The court of appeals found his action timely under a state three-year statute. The Supreme Court held, however, that section 10(b)'s six-month statute of limitations applied and that Flowers's action was, therefore, barred. Thus the Court retroactively applied its decision to a cause of action accruing several years earlier.
 
 
 4
 The test for nonretroactive application of a decision found in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), further supports our conclusion. In Chevron the Supreme Court held that retroactive application is inappropriate only where (1) the new rule overrules clear past precedent or decides an issue of first impression whose resolution was not foreshadowed; (2) retroactive application will retard rather than further operation of the rule; and (3) retroactive application will produce substantial inequitable results. Id. at 106-07, 92 S.Ct. at 355-56.
 
 
 5
 Assuming without deciding that DelCostello overruled past precedent, we believe that denying retroactive application would retard rather than further the operation of the rule. In DelCostello the Court indicated the necessity of selecting a limitations period long enough to permit employees to vindicate their rights yet short enough not to prevent "the relatively rapid final resolution of labor disputes favored by federal law." --- U.S. at ----, 103 S.Ct. at 2292, 76 L.Ed.2d at 491. Section 10(b) embodied such a balance:
 
 
 6
 In Sec. 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system. That is precisely the balance at issue in this case. The employee's interest in setting aside the 'final and binding' determination of a grievance through the method established by the collective-bargaining agreement unquestionably implicates 'those consensual processes that federal labor law is chiefly designed to promote--the formation of the ... agreement and the private settlement of disputes under it.' [Auto Workers v.] Hossier [Corp.], 383 U.S. at 702 [86 S.Ct. 1107 at 1111, 16 L.Ed.2d 192 (1966) ]. Accordingly, '[t]he need for uniformity' among procedures followed for similar claims, ibid., as well as the clear congressional indication of the proper balance between the interests at stake, counsels the adoption of Sec. 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this. [United Parcel Service, Inc. v. Mitchell ] 451 U.S. at 70-71 [101 S.Ct. 1559 at 1567-68, 67 L.Ed.2d 732].
 
 
 7
 Id. --- U.S. at ----, 103 S.Ct. at 2294, 76 L.Ed.2d at 493 (quoting United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 70-71, 101 S.Ct. 1559, 1567-68, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring)).
 
 
 8
 Plaintiffs urge the application of inconsistent state statutes of limitations with periods much longer than the six-months adopted in DelCostello. To apply those state statutes and deny retroactive application to DelCostello would retard rather than further the federal interests in prompt resolution of labor disputes, finality, and consistency embodied in DelCostello.
 
 
 9
 Prospective application of DelCostello would cause inequitable results. Numerous state statutes of limitations would apply to essentially similar federal causes of action. Prospective application would extend the inconsistent results that DelCostello sought to remedy.
 
 
 10
 We hold that DelCostello applies to these cases. Our conclusion is buttressed by two recent decisions of this court. Both the panel decision in Hand after remand from the en banc court, see 712 F.2d 1350 (11th Cir.1983), and Benson v. General Motors Corp., 716 F.2d 862 (11th Cir.1983), applied DelCostello retroactively, although neither case specifically discussed the retroactivity issue. See also Ernst v. Indiana Bell Telephone Co., 717 F.2d 1036 (7th Cir.1983) (applying DelCostello retroactively with no discussion of retroactivity).
 
 II. Disposition of these cases
 A. No. 81-7810
 
 11
 Grievance filed March 1979 and returned unprocessed by employer approximately one month later. Union failed to indicate any determination by it on the grievance, which the district court found was a breach of duty of fair representation. Plaintiff sued March 1980, approximately 11 months after union breach. There is no merit to plaintiff's argument that a remand is necessary to establish when the right of action accrued. District court denied defendants' motion for summary judgment raising timeliness. Judgment for plaintiff REVERSED.
 
 B. No. 82-3005
 
 12
 Union completed processing of the grievance and decided not to present it to an arbitrator in September 1980. Plaintiff sued August 1981. Action held time barred under Florida statute, 541 F.Supp. 621. Since six months had expired, AFFIRMED.
 
 C. No. 82-5625
 
 13
 Grievance denied October 1979; suit filed May 1981. Summary judgment for defendants, 538 F.Supp. 725, AFFIRMED.
 
 D. No. 82-5115
 
 14
 Grievance filed June 1980, union withdrew it, and plaintiff learned of withdrawal October 1980. Suit filed May 1981. Defendants' motion to dismiss denied and interlocutory appeal granted under 28 U.S.C. Sec. 1292(b). Order denying dismissal is REVERSED.
 
 E. Nos. 82-5194, 82-5313, and 82-5589
 
 15
 Grievance denied May 1979, suit filed June 1980. Judgment for defendants AFFIRMED.
 
 F. No. 82-8137
 
 16
 Dispute submitted to arbitration. Arbitor's award in favor of employer in May 1980. Suit filed April 1981. Count I asserted a hybrid breach of contract/breach of duty claim. Summary judgment granted for defendants on this count, and defendant union and defendants Slad, Meers, and Turner dismissed from Count II. Final judgment granted as to union, Meers, and Turner. Summary judgment for defendants AFFIRMED.