Morris Eder, J.
This is an application by a former employee of R. H. Macy & Co., Inc., for an order directing it and petitioner’s union to proceed to arbitration pursuant to the collective bargaining agreement in effect between the union and Macy’s.
Petitioner ‘resigned from her employ, claiming inability tti perform the duties of her job due to ill health. She claimed severance pay and sick benefits in accordance with the provisions made therefor in the agreement. The union processed her claim through several intramural stages of grievance steps but, when the employer refused to recognize the validity of the claim, the union decided that this was not a proper case for arbitration and rejected the employee’s request that it make such demand. The union’s position is that, as to sick benefits, the agreement then expressly provided that the employer’s determination after due medical examination was final; and, as to severance pay, that the disability was only partial, the employee was offered suitable employment within her ability, and, moreover, it appeared that she actually was working in California after her resignation. The union, therefore, refused to demand a dubious arbitration which might establish a prejudicial precedent for its members generally and involve unjustified expenses, time and effort.
Whatever the rights petitioner may assert in view of the impasse occasioned by her union’s refusal to demand arbitration, she may not compel arbitration against the employer’s wishes. The employer has contracted to submit to an arbitratior when demanded under the terms of the agreement by the union as the representative of its employees. To direct arbitration upon request of individual employees, when their union has refused to demand arbitration, would create an unstable and chaotic condition not conducive to industrial harmony, as well as violative of the clear statement in the collective bargaining-agreement of the parties who may demand arbitration. (Matter of Bianculli [Brooklyn Union Cas Co.], 14 Misc 2d 297; Matter of Sholgen [Lipsett Inc.], 14 Misc 2d 296.)
The law upon the entire subject of an employee’s rights where his union refuses to represent him, or does so improperly, has been said to be “ in a state of flux.” (Donato v. American Locomotive Co., 283 App. Div. 410, 415.) He has been given the right, *296 where the National Labor Relations Act (§9, subd. [a]) is applicable, to bring his grievance directly to. his employer and to have it adjusted without the intervention of his union (U. S. Code, tit. 29, § 159, subd. [a]). And, accordingly, there would seem to be nothing to prevent arbitration of an employee’s grievance if the employer is willing to arbitrate directly with him a dispute which the union has refused to submit to arbitration. Thus, it was held in Matter of Wile Sons & Co. (Messinger), (199 Misc. 654) that a former employee who was no longer a member of the union was entitled, upon the refusal of the union to institute an arbitration proceeding on his behalf, to have his claim against the employer determined either by arbitration or by action; and that, if the employer was unwilling to so arbitrate, then he could proceed by action.
I do not pass upon the question as to what right of action, if any, petitioner may have under the terms of this agreement against her former employer, nor what remedy she may have against the union for its alleged wrongful refusal to demand arbitration on her behalf. This determination is necessarily confined to the relief here requested, which is denied on the ground that the employer may not be compelled to arbitrate with an individual employee a dispute arising from a collective bargaining agreement.