[Civ. No. 21705. Second Dist., Div. Three. Nov. 30, 1956.]

ROBERT G. GARNER, Appellant, v. KMTR RADIO CORPORATION (a Corporation), Respondent.

Robert G. Garner, in pro. per., for Appellant.

John P. Hearne and Joseph J. Burris for Respondent.

SHINN, P. J.—Upon this appeal from a judgment in favor of defendant, the record consists of findings, conclusions and judgment, the notice of appeal, notice to the clerk to prepare clerk's transcript on appeal and to produce exhibits, including an agreement entered into September 1, 1949, between Local Union Number 45 of the International Brotherhood of Electrical Workers and the defendant. Plaintiff, appearing in propria persona, was notified by the clerk of this court that "The judgment roll and other documents which might be necessary to properly present the appeal are not in the clerk's

transcript.'' No application has been made for augmentation of the record. The union was a party plaintiff in the beginning but went out on demurrer, after failing to amend.

The complaint being unavailable we are informed in the briefs that the action is for the recovery of damages claimed as a result of plaintiff's discharge on March 16, 1950, from his employment by respondent as a radio technician.

The court found that the agreement made the union the exclusive bargaining agent and representative of all technicians employed by the defendant; after a probationary period of 90 days a technician could be discharged only for just cause and by written notice; upon request of the union the employer must state in writing the reason for the discharge; among the grounds constituting just cause was the failure of a technician to report for duty as assigned; two weeks' notice of discharge was required prior to termination of employment and in lieu of notice the employer must pay the technician two weeks' wages; if the union believed a discharge to be unjustified the matter would be considered a grievance and submitted to arbitration and if the discharge was found to be unfair the employe would be reinstated and the arbitration board would make an appropriate award with respect to pay for time lost; March 16, 1950, defendant discharged plaintiff for the reason that he failed to report for duty; his failure was because he was then in jail for traffic violation where he remained for 35 days; he had previously served a 10-day sentence for traffic violation; during the period of his employment by defendant plaintiff had received 26 citations with 19 convictions; on March 16, 1950, he was notified that if he failed to appear for work that evening he would be discharged; he failed to report and was discharged. Defendant did not give two weeks' notice in writing nor pay plaintiff two weeks' wages; during such two weeks' period plaintiff was detained in jail. It was further found that the business manager of the union, Roy Tindall, whose duties included enforcement of union employment contracts and supervision and handling of grievances, immediately after plaintiff's discharge, investigated all the circumstances thereof and determined the discharge to be justified; thereafter the matter of plaintiff's discharge was brought before the executive board of the union, which determined that the discharge was justified; thereafter the matter was brought before the entire union membership and it was not determined that the discharge was unjustified. No request was made by the union for a

written statement of the reasons for the discharge; no request was made for payment of additional salary and no demand was made that any notice in writing be given plaintiff; for almost four years after the discharge no demand was made for submission of the question of plaintiff's discharge to arbitration. On January 12, 1954, one Stillman, assistant business agent of the union, wrote a letter to defendant requesting a conference to discuss plaintiff's discharge, or in the alternative that the matter be arbitrated; the matter was discussed with Stillman and the request for arbitration was refused; there has been no arbitration and no court proceeding to compel defendant to submit to arbitration.

The court concluded that under the contract arbitration was the exclusive procedure for the adjustment of employe grievances, including questions relating to discharge and moneys due; that the union and plaintiff failed to seek or demand arbitration within a reasonable time after plaintiff's discharge and that the union and defendant have previously acquiesced in and agreed to the discharge and that the same was for just cause. The court further concluded that under the facts found the arbitration precedure was presently unavailable to the union or to plaintiff.

It appears to be the contention of plaintiff that he was not discharged at all because he was not given two weeks' written notice or two weeks' wages. He concedes that these were matters to be settled by arbitration and he does not deny that arbitration was the exclusive procedure for the redress of grievances. His contention appears to be that the original action of the union amounted to nothing, that the request made by the assistant business agent of the union almost four years after the discharge properly invoked the arbitration procedure, and when it was rejected by defendant, resort to legal proceedings became available to him. This contention is untenable. The union was plaintiff's authorized representative and the decision of the union was not only within its powers to act on behalf of plaintiff but was properly regarded by the trial court as a final determination by the union that plaintiff's discharge was for just cause and was not wrongful. We agree with this conclusion. It is not suggested in plaintiff's briefs that the union did not make a complete and fair investigation or that its decision was unjust in any respect. The union alone had authority to demand an arbitration on plaintiff's behalf and to exercise independent judgment in deciding whether plaintiff had a

grievance which justified arbitration. It may well be it was decided that in view of the fact that plaintiff was in jail and would be there for some time, the manner of his discharge without two weeks' notice was not in violation of his contract rights. The assistant business manager of the union could not, after the lapse of almost four years, rescind, annul or overrule the determination of the business manager and the executive board of the union to the effect that plaintiff was entitled to no redress. There are other points urged by plaintiff relating to the introduction of evidence but they are outside the record and may not be considered.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.