Dye, J.
In this proceeding commenced by an order to show
cause, the respondent-appellant union appeals by permission from an order vacating an award of the New York State Board of Mediation, rendered in an arbitration between the respondent Lenscraft Optical Corp. (Bayex), as employer, and appellant union, as collective bargaining agent, under an agreement then in full force and effect, the validity of which had previously been upheld (cf. Rayex Corp. v. Sanchez, 6 A D 2d 902, motion for reargument denied 6 A D 2d 1044, motion for leave to appeal to the Court of Appeals dismissed 5 N Y 2d 915). The award permitted the employer to discharge the petitioners-respondents for conduct violative of the contract conditions, a deliberate slowdown.
The basic issue is whether the petitioners-respondents have status, within the meaning of subdivision 3 of section 1462 of the Civil Practice Act, to initiate the proceeding.
The court below accepted the petitioners’ contention that they had been prejudiced by the mediator’s refusal to allow them to be independently represented at the arbitration by counsel of their own choosing. In so deciding, the Appellate Division deemed the petitioners had status as parties since — because their jobs were at stake — they were either third-party beneficiaries of the collective contract or in the position of beneficiaries of a trust. This was a wrong approach. The award, having been rendered in a controversy between the parties to a valid collective agreement, could be vacated only at the initiation of a party to the arbitration in the manner and for the reasons provided by section 1462 of the Civil Practice Act. The misconduct of an arbitrator, contemplated by the statute, and warranting the setting aside of an award, is that ‘1 by which the rights of any party have been prejudiced” (§ 1462, subd. 3; emphasis supplied). The petitioners, not being parties to the agreement, may not avail themselves of rights which under the Civil Practice Act are limited to parties; an exception to such limitation may not be created by judicial application of equitable principles, nor may a basis for vacatur be supplied by implication. Such a result can be accomplished only by appropriate legislative *400 action. Furthermore, the ruling complained of was well within the reach and scope of our recent decision in Parker v. Borock (5 N Y 2d 156). There we made it clear that an employee could not avail himself of the arbitration procedure provided in the collective bargaining agreement since there, as here, the contract granted such right only to the union and to the employer (cf. Hudak v. Hornell Ind., 304 N. Y. 207). This was in the interest of maintaining orderly procedure under accepted principles of substantive law. At the same time, an employee is not foreclosed, in an appropriate case, from pursuing any remedy at law that might be available for breach of fiduciary duty owing by the union.
The order of the Appellate Division should be reversed and the arbitrator’s award reinstated.