[No. B023467. Second Dist., Div. Three. Aug. 27, 1987.]

JAMES F. MELANDER, Plaintiff and Appellant, v. HUGHES AIRCRAFT COMPANY et al., Defendants and Respondents.

**COUNSEL**

Albert E. Nasser for Plaintiff and Appellant.

Latham & Watkins, Virginia P. Croudace, Joseph A. Wheelock, Jr., Sonja G. Berggren, Ronna S. Reed, Posner & Rosen and Howard Z. Rosen for Defendants and Respondents.

**OPINION**

**LUI, Acting P. J.—**

SUMMARY

Appellant James F. Melander appeals from a judgment of the superior court denying his petition to vacate an arbitration award. We conclude that,

when an employee grievance is arbitrated under the terms of a collective bargaining agreement (CBA) between an employer and a union, the individual employee does not have standing to petition to vacate the award unless (1) the CBA contains a provision expressly giving employees themselves the right to submit disputes to arbitration, or (2) the arbitrator has made the employee a party to the arbitration under Code of Civil Procedure section 1280, subdivision (e).[1]

In this case, the CBA provided that grievances could be submitted to arbitration only "by approval of the Union's Executive Board or of the Management of the Employer." Appellant's grievance was arbitrated on his behalf by his union; there is no evidence that he was made a party to the arbitration under section 1280. Therefore, appellant has no standing to challenge the arbitration award, and we affirm the judgment entered below.

## STATEMENT OF FACTS

Appellant was suspended by respondent Hughes Aircraft Company (Hughes) for allegedly violating company rules. Four days later, he was discharged. Pursuant to the 1982-1985 CBA between Hughes and the Electronic and Space Technicians, Local 1553 (Union), appellant filed a grievance contesting his suspension and discharge. The grievance was processed under the procedures specified in article XXIV of the CBA. The matter was then submitted to arbitration by the Union as provided in article XXV.

On October 28, 1985, the American Arbitration Association sent copies of the arbitrator's award and opinion to the respective parties, the Union and Hughes. The Union allegedly mailed a copy of the decision to appellant on November 1, 1985. The opinion—a 20-page document—summarized the 12-day arbitration hearing, at which appellant and others had testified under oath and exhibits had been received into evidence. The opinion also summarized the positions of the parties, as presented in posthearing briefs.

The arbitrator's decision concluded that, under the CBA standards for discharge or discipline for cause, "discharge was so extreme a discipline . . . as to constitute arbitrary action by [Hughes] and, therefore, to lack cause for discharge within the meaning of [the CBA]." The arbitrator awarded appellant backpay, but denied reinstatement because appellant had performed "certain acts [which were] destructive of resumption of employment."

---

[1] Hereafter, all statutory references are to the Code of Civil Procedure, unless otherwise indicated.

Under the facts of this case, we need not determine under what limited circumstances an employee may be made a party to the arbitration. For a discussion of this issue, see Comment, *Some Problems Relating to Enforcement of Arbitration Awards Under the New California Arbitration Act* (1962) 9 UCLA L.Rev. 422, 423-426.

Appellant filed a petition in the court below seeking to vacate portions of the arbitration award and to obtain a rehearing of his grievance by a different arbitrator. On February 10, 1986, a copy of this petition was served by mail on Hughes's counsel for the arbitration proceedings, Latham & Watkins, and on counsel for the Union. On February 25, 1986, Latham & Watkins notified appellant's counsel that Hughes had not been properly served. Latham & Watkins received no further communication from appellant's counsel until May 12, 1980, when appellant's motion to vacate the arbitration award was received.

Hughes and the Union specially appeared in the court below to oppose appellant's motion. They argued that the court lacked subject matter jurisdiction for the following reasons: (1) the petition to vacate was not properly served under Code of Civil Procedure section 1290.4;[2] (2) the petition to vacate was not timely served under Code of Civil Procedure sections 1285 and 1288, which require service not later than 100 days after the date of service of the award on the petitioner; (3) Melander lacks standing to petition to vacate the award under sections 1285 and 1280, subdivision (e). They also contended that the motion did not state grounds for vacating the award, since the allegations in the petition did not constitute corruption, fraud, or misconduct, as required by section 1286.2.

After a hearing, the trial court issued a statement of decision and judgment ruling that appellant's petition is governed by section 1290.4, that the petition had not been served properly under that section, and that the petition was therefore denied. Appellant filed a timely notice of appeal.

---

[2] Section 1290.4 provides, in pertinent part: ". . . (b) If the arbitration agreement does not provide the manner in which . . . service shall be made and the person upon whom service is to be made has not previously appeared in the proceeding and has not previously been served in accordance with this subdivision: [¶] (1) Service within this State shall be made in the manner provided by law for the service of summons in an action [i.e., by personal delivery or by mail to the person designated as agent for service of process or to the president, a vice president, a secretary, a treasurer, a general manager, or a person authorized by the corporation to receive service of process (§§ 415.10, 415.30, 416.10, subds. (a), (b))]."

In his motion, appellant had stated that service of the petition was made pursuant to rule 36 of the American Arbitration Association (AAA) Rules which the CBA incorporated by reference when it is specified in article XXV, section D, that arbitration hearings are to be conducted under AAA rules.

Rule 36 provides: "Each party to a Submission or other agreement which provides for arbitration under these Rules shall be deemed to have consented and shall consent that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or the entry of judgment on an award made thereunder, may be served upon such party (a) by mail addressed to such party or its attorney at the last known address, or (b) by personal service, within or without the state wherein the arbitration is to be held."

CONTENTION ON APPEAL

■ While appellant contends that the trial court erred in dismissing his petition to vacate the arbitration award on the ground of improper service, the essential question presented on appeal is whether appellant had standing to file the petition in the court below.[3]

DISCUSSION

*Appellant Does Not Have Standing to Petition to Vacate the Arbitration Award Since He Was Not a Party to the Collective Bargaining Agreement Between His Union and Former Employer*

Before this court can reach the issue of whether appellant's petition to vacate the arbitration award was properly served, we must determine whether appellant, who was a member of the Union which participated in the arbitration on his behalf, had standing to petition the trial court to vacate the award.

Section 1285 provides that "[a]*ny party to an arbitration* in which an award has been made may petition the court to confirm, correct or *vacate* the award." (Italics added.) The statutory definition of "party" to an arbitration is given in section 1280, subdivision (e), which states: " 'Party to the arbitration' means a party to the arbitration agreement: [¶] (1) Who seeks to arbitrate a controversy pursuant to the agreement; [¶] (2) Against whom such arbitration is sought pursuant to the agreement; or [¶] (3) Who is made a party to such arbitration by order of the neutral arbitrator upon such party's application, upon the application of any other party to the arbitration or upon the neutral arbitrator's own determination."

In this case, the parties to the arbitration itself, as indicated on the first page of the arbitrator's opinion, were Hughes and the Union. The parties to the arbitration agreement, as indicated in the first paragraph of the 1982-1985 CBA, were Hughes and the Union. There is no provision in the CBA giving individual employees the right to initiate arbitration. Finally, there is no evidence in the record that appellant was made a party by order of the arbitrator. Thus, applying the plain meaning of sections 1285 and 1280, subdivision (e), to the facts of this case, it appears that appellant does not have standing to petition to vacate the arbitration award.

---

[3] As noted above, this issue was raised below and was argued in the briefs on appeal. It was also addressed in supplemental briefs filed after oral argument.

The question of an employee's standing to vacate an arbitration award made under a CBA has not previously been addressed by the courts of this state. However, the issue has been raised in other jurisdictions, which have uniformly held that under a collective bargaining contract, a union represents all employees in matters related to or arising from the contract, and an employee union member, although a beneficiary under the contract, is not a party individually entitled to attack the award of an arbitrator pursuant to the agreement. (See, e.g., *McCaffrey* v. *United Aircraft Corporation* (1960) 147 Conn. 139 [157 A.2d 920, 921]; *Chupka* v. *Lorenz-Schneider Co.* (1962) 12 N.Y.2d 1 [233 N.Y.S.2d 929, 931-932, 186 N.E.2d 191]; *In re Soto* (1960) 7 N.Y.2d 397 [198 N.Y.S.2d 282, 283, 165 N.E.2d 855]. Cf. *Local 13, Int. Longshoremen's & W. U.* v. *Pacific Mar. Ass'n* (9th Cir. 1971) 441 F.2d 1061, 1064 [local union not a party to arbitration between parent union and employers' association and may not challenge award under Federal Arbitration Act]; *City of Hartford* v. *Local 308, Intern. Bro.* (1976) 171 Conn. 420 [370 A.2d 996, 1000] [union member not a party to the arbitration and therefore not entitled to apply to confirm the award].)

The conclusion reached by these cases is supported by sound labor relations policy. "The accepted view today is that to permit the individual employee to take a position opposing that of his collective bargaining representative in the grievance procedure including arbitration 'would create an unstable and chaotic condition not conducive to industrial harmony.'" (Updegraff, Arbitration and Labor Relations (3d ed. 1970) p. 129, quoting *Cox* v. *R.H. Macy Co.* (1956) 14 Misc.2d 294 [152 N.Y.S.2d 858].) Individual employees entrust their rights to their union representatives, knowing that the union has a duty to the membership as a whole. "In some instances, this group obligation may indicate that the union should not insist on a point to which it may be entitled in order to obtain some other concession from management, or merely in the interest of preventing the disruption of an harmonious working relationship with the company." (Comment, *Some Problems Relating to Enforcement of Arbitration Awards Under the New California Arbitration Act* (1962) 9 UCLA L.Rev. 422, 425; cf. Note, *Rights of Individual Workers in Union-Management Arbitration Proceedings* (1957) 66 Yale L.J. 946, 952-953.) We conclude that the rationale employed in the cases cited above and the justification for limiting standing advanced in the literature apply equally to the union-employer arbitration context in this state.

Appellant argues that, as a union member, he is entitled to sue as a third party beneficiary of the collective bargaining contract between Hughes and the Union. To support this contention, he relies on *Sublett* v. *Henry's etc. Lunch* (1942) 21 Cal.2d 273 [131 P.2d 369]. In *Sublett,* a union employee

sought to enforce the wage scale fixed by a contract between the union and employer. (*Id.,* at pp. 274, 278.) The court found that the employee was entitled, as a third party beneficiary of the contract between his union and employer, to enforce his interests in an action for breach of contract. (*Id.,* at pp. 274-275.)

The facts and theory of *Sublett* are distinguishable from the present case. In *Sublett,* the employee was suing for breach of contract; in this case, the employee is seeking to circumvent the discretionary refusal of his union to petition the superior court to vacate the result of an arbitration proceeding, which the Union, in its discretion, initiated under the contract.

Since appellant was not a party to the agreement between his union and his employer, he does not have standing to vacate the arbitration award. (Cf. *Librascope Inc.* v. *Precision Lodge No. 1600, Internat. Assn. of Machinists* (1961) 189 Cal.App.2d 71, 76 [10 Cal.Rptr. 795] [employee, represented by union during arbitration proceeding, is bound by acts of union, which failed to oppose company's application for order confirming the award]; *Garner* v. *KMTR Radio Corp.* (1956) 146 Cal.App.2d 441, 443-444 [303 P.2d 825] [union alone had authority to demand arbitration on employee's behalf, and to decide whether employee had a grievance which justified arbitration].) However, appellant does have a remedy at law. If the Union did not represent his interests properly, he may have an action against the Union for breach of a fiduciary duty. (See *Lehto* v. *Underground Constr. Co.* (1977) 69 Cal.App.3d 933, 943-944 [138 Cal.Rptr. 419]; *In re Soto, supra,* 198 N.Y.S.2d at pp. 283-284; 48 Am.Jur.2d, Labor and Labor Relations, § 401, pp. 312-313.)

CONCLUSION

For the reasons expressed, appellant lacked standing under Code of Civil Procedure sections 1285 and 1280, subdivision (e). Therefore, the court properly denied the petition.

■ Although the trial court did not base its denial on appellant's lack of standing, "a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion." (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].)

## DISPOSITION

The judgment is affirmed.

Danielson, J., and Arabian, J., concurred.

A petition for a rehearing was denied September 23, 1987, and the opinion was modified to read as printed above.