[No. B159249. Second Dist., Div. One. Nov. 21, 2002.]

ONE WORLD NETWORKS INTEGRATED TECHNOLOGIES, INC.,
Plaintiff and Appellant, v.
NANCY DUITCH et al., Defendants and Respondents.

**COUNSEL**

Greenberg Glusker Fields Claman Machtinger & Kinsella, Dale F. Kinsella, Gregory J. Aldisert and Jacqueline C. Brown for Plaintiff and Appellant.

Hall Dickler Kent Goldstein & Wood, Lawrence B. Steinberg, Theodore J. Bro; Bird Marella Boxer & Wolpert and Dorothy Wolpert for Defendants and Respondents.

**OPINION**

**VOGEL (MIRIAM A.), J.**—An executive who left her job to work for a competing firm was sued by her former employer for breach of contract, and she and her new employer were sued on various unfair competition theories. The executive, in turn, initiated an arbitration to resolve a salary dispute with her former employer, and the former employer counterclaimed against the

executive in the arbitration proceedings. After the arbitrator ruled that the former employer's counterclaims were covered by the arbitration agreement executed by the executive and her former employer, the former employer dismissed the executive from this lawsuit. The new employer then asked the trial court to stay the arbitration of the former employer's counterclaims against the executive, and the request was granted. The former employer appeals, contending a stay may be sought only by a party to the arbitration agreement, and that the new employer lacked standing to intrude into the arbitration process. We agree with the former employer, reverse the challenged order, and do not reach the other issues raised on this appeal.

FACTS

In 1999, Nancy Duitch went to work for One World Networks Integrated Technologies, Inc., as its president. She signed an employment agreement and a separate confidentiality agreement in which she agreed not to disclose certain proprietary information (One World markets skin care products, including the Leigh Valentine line, for infomercials and electronic retail channels). The employment agreement included a binding arbitration provision.

In July 2001, Duitch left One World and went to work for one of its competitors, Buckhead Marketing and Distribution, LLC. (where she was later joined by two former One World employees, Jeff Browning and Marian McNear). A dispute about the wages owed to Duitch by One World was resolved by a settlement agreement executed on July 21, under the terms of which One World agreed to pay $175,000 to Duitch over a period of time, and Duitch and One World agreed to resolve their disputes by binding arbitration.

In early October, One World concluded that Duitch had breached her 1999 confidentiality agreement, and that Buckhead was "knocking off [One World's] Leigh Valentine facial product line" with a similar product manufactured by Aloette Cosmetics, Inc. One World stopped making the payments due to Duitch under the settlement agreement and filed this lawsuit against Duitch, Buckhead, Browning, McNear, and Aloette, alleging various unfair competition and breach of contract claims.[1]

On October 24, Duitch submitted a demand for arbitration to the American Arbitration Association. In response, One World submitted an "answering statement and counterclaim" in the arbitration proceeding, charging

---

[1]For convenience, we henceforth refer to the defendants other than Duitch collectively as "Buckhead."

Duitch with breach of contract, unfair competition, and other wrongs. Duitch asked the arbitrator to dismiss One World's counterclaims, contending those claims were not the subject of any agreement to arbitrate or, alternatively, that (by filing its lawsuit) One World had waived any right it might have had to arbitrate its counterclaims. In April 2002, the arbitrator denied Duitch's request, found that the plain language of Duitch's settlement agreement reflected the parties' clear and unmistakable decision to arbitrate all issues arising out of Duitch's employment, rejected Duitch's claim of waiver, and ruled that "One World's counterclaims [would] be arbitrated, provided it stays its Superior Court case against Duitch until the arbitrator issues an award in this matter."

*On May 6, 2002, One World dismissed Duitch from this lawsuit.*

On May 13, Buckhead asked the trial court to stay the arbitration of One World's counterclaims against Duitch to avoid the conflicting rulings that might otherwise result from the fact that Buckhead, who was not a party to any arbitration agreement, could not be compelled to arbitrate. (Code Civ. Proc., § 1281.2.)[2] In the same motion, Buckhead complained about the arbitrator's discovery orders and said that Duitch's compliance with those orders would result in the disclosure of Buckhead's confidential information without any input from Buckhead.

One World opposed the motion to stay the arbitration of its counterclaims, pointing out that it had dismissed Duitch from this lawsuit and that there was no longer any issue "of one party proceeding against another in two separate forums. In this lawsuit, One World has asserted claims against [Buckhead], who [is] not [a] part[y] to the arbitration. Duitch has asserted a AAA arbitration claim against One World and One World has filed counterclaims against her." One World objected to any judicial review of the arbitrator's discovery orders.

By a minute order dated May 22, the trial court granted Buckhead's motion to stay the arbitration of One World's counterclaims because: "Defendant Duitch had a contract with [One World] that was subject to arbitration, the court cannot interfere." An order prepared by Buckhead's lawyers and signed by the trial court states that the ruling is based on the court's authority under section 1281.2. One World filed a notice of appeal from that order, then filed a petition for a writ of supersedeas in which it asked us to stay further proceedings in the trial court pending resolution of this appeal. Over Buckhead's opposition, we issued the writ as prayed.

---

[2]All section references are to the Code of Civil Procedure.

### DISCUSSION

One World contends Buckhead had no standing to seek or obtain an order staying all or part of the Duitch-One World arbitration proceedings. We agree.

### A.

These facts are undisputed: *First*, neither Buckhead nor any of the parties included in our references to Buckhead are parties to the arbitration proceedings initiated by Duitch against One World or to the underlying contracts between Duitch and One World. *Second*, One World's counterclaims in the arbitration proceeding are against Duitch and only Duitch. *Third*, Duitch is not a party to this lawsuit.

As a matter of law, therefore, Buckhead is a stranger to the arbitration and has no standing to seek an order staying arbitration of One World's counterclaims—because (1) Buckhead is not a " 'party to the arbitration' " (§ 1280, subd. (e) [" 'party to the arbitration' " means a party to the arbitration agreement who seeks arbitration or who is made a party to the arbitration by the arbitrator]); (2) Buckhead is not involved in the "controversy" between Duitch and One World (§ 1280, subd. (c) [the " 'controversy' " is the dispute "between parties to an agreement"]); and (3) there simply is no law to support Buckhead's efforts to inject itself into the arbitration proceedings. (*Solari v. Oneto* (1958) 166 Cal.App.2d 145, 153 [333·P.2d 218] [the purpose of the arbitration statute is to provide "a comprehensive all-inclusive statutory scheme applicable to all written agreements to arbitrate"]; *Valsan Partners Limited Partnership v. Calcor Space Facility, Inc.* (1994) 25 Cal.App.4th 809, 820-821 [30 Cal.Rptr.2d 785] [for a court to make orders with regard to a contractual arbitration, the procedure must be authorized by the arbitration statutes]; and see *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 830 [88 Cal.Rptr.2d 366, 982 P.2d 229] [the arbitration statute sets forth the procedures "for the conduct of arbitration proceedings except as the parties otherwise agree"].)

### B.

To avoid this conclusion, Buckhead contends it has standing because One World's claims against Buckhead in this action "arise from actions allegedly taken by Ms. Duitch after she left One World's employ," and because "[t]hese are the same actions which form the basis for the [c]ounterclaims in the [a]rbitration." It follows, according to Buckhead, that "any rulings by the [a]rbitrator regarding Ms. Duitch's actions will necessarily prejudice the

rights of the remaining [d]efendants in this case." Buckhead is wrong. Since Buckhead is not a party to the arbitration, and since it does not claim to be in privity with Duitch, the arbitrator's award will not have any res judicata or collateral estoppel effect with regard to One World's claims against Buckhead. (*Vandenberg v. Superior Court, supra,* 21 Cal.4th at p. 832 ["while the informal and imprecise nature of private arbitration, and its insulation from judicial interference, are ' "the very advantages the . . . parties [seek] to achieve" ' in arbitrating *their own claims . . . ,* these same features can be serious, unexpected disadvantages if issues decided by the arbitrator are given leveraged effect in favor of strangers" to the arbitration; for this reason, "a private arbitration award, even if judicially confirmed, may not have nonmutual collateral estoppel effect . . . unless there was an agreement to that effect in the particular case"].) As One World concedes, an arbitral decision in One World's favor could not be used against Buckhead in this lawsuit.[3]

### C.

Buckhead contends that, independent of the "standing" issue, section 1281.2 gives the trial court the authority to do what it did. Buckhead misses the point.

As relevant, section 1281.2 provides that, "[*o*]*n petition of a party to an arbitration agreement* alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] . . . [¶] (c) *A party to the arbitration agreement is also a party to a pending court action . . . with a third party*, arising out of the same transaction . . . and there is a possibility of conflicting rulings on a common issue of law or fact. For purposes of this section, a

---

[3]Buckhead points to the fact that the arbitrator has ordered Duitch to produce documents relevant to her new employment, and contends that it has "through Duitch" thereby produced documents in the arbitration without an opportunity to contend those documents include protected confidential information. Leaving to one side the fact that Buckhead, Duitch, and the other defendants are all represented by the same law firm, and leaving to one side the fact that the arbitrator has specifically considered Buckhead's claims of confidentiality, these discovery rulings do not affect our analysis—because the record does not disclose whether the documents are relevant only to One World's counterclaims or whether they are also relevant to Duitch's claim against One World (which is not subject to the trial court's stay order). In any event, the fact that a party to an arbitration responds to discovery demands in a manner that affects the rights of others who are strangers to the arbitration does not give the strangers standing to stay the arbitration proceedings (although we express no view about what other rights, if any, a stranger might have under those circumstances).

pending court action . . . includes an action . . . initiated by the party refusing to arbitrate after the petition to compel arbitration has been filed . . . . [¶] . . . [¶] If the court determines that a party to the arbitration is also a party to litigation in a pending court action . . . with a third party as set forth under subdivision (c) herein, the court . . . may stay arbitration pending the outcome of the court action . . . ." (Italics added.)

By its plain language, the stay provisions of section 1281.2 may be invoked only by a petition "of a party to an arbitration agreement." This language is neither vague nor ambiguous, and it makes perfectly good sense—because no one other than a party to the arbitration agreement ought to be allowed to interfere with the arbitration process. The obvious purpose of the stay provision in section 1281.2 is to protect someone in the position that Duitch was in before she was dismissed from this lawsuit—in which event section 1281.2 would have given her the right (as a party to the arbitration agreement who was also a party to this pending action) to ask the trial court either to stay this action pending the resolution of One World's counterclaims in the arbitration, or to stay the arbitration of One World's counterclaims pending the outcome of this action, whichever served her purpose. (§ 1281.2; *Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 342-343 [79 Cal.Rptr.2d 308, 965 P.2d 1178].)

But Buckhead does not stand in Duitch's shoes. *Buckhead* is not a party to an arbitration agreement with One World, or a party to the arbitration proceedings, and the fact that *One World* is a party to both the arbitration and the lawsuit has nothing to do with the price of tomatoes. (*Valsan Partners Limited Partnership v. Calcor Space Facility, Inc., supra,* 25 Cal.App.4th at p. 816 [§ 1281.2 "provides the remedy for a party to an agreement with an arbitration clause where the other party refuses to arbitrate a dispute"]; cf. *Melander v. Hughes Aircraft Co.* (1987) 194 Cal.App.3d 542, 548 [239 Cal.Rptr. 592] [a person who is not a party to the arbitration agreement has no standing to vacate the arbitration award]; see also *Powers v. Dickson, Carlson & Campillo* (1997) 54 Cal.App.4th 1102, 1115-1116 [63 Cal.Rptr.2d 261].)[4]

The trial court's ruling is wrong as a matter of law. (*Holmes v. Jones* (2000) 83 Cal.App.4th 882, 888 [100 Cal.Rptr.2d 138] [the interpretation of a statute presents a question of law subject to de novo review on appeal].)

[4]We summarily reject Buckhead's contention that One World's appeal is tantamount to a petition to compel arbitration of counterclaims, and that it must be denied because One World has waived the right to arbitrate those claims. This argument assumes its own conclusion and ignores the fact that Buckhead has no standing to raise any issue about One World's rights to arbitrate its claims.

## DISPOSITION

The order is reversed, and the cause is remanded to the trial court with directions to vacate its stay order and enter a new order denying Buckhead's application for a stay. One World is awarded its costs of appeal, including the costs of the supersedeas proceedings. Our writ of supersedeas shall be dissolved upon issuance of remittitur.

Ortega, Acting P. J., and Mallano, J., concurred.