177 Cal.App.4th 863 (2009)
UNITED TEACHERS LOS ANGELES, Plaintiff and Appellant,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant and Respondent.
No. B214119.
Court of Appeals of California, Second District, Division Five.
September 17, 2009.
*865 Holguin, Garfield & Martinez, Jesús Quiñonez and John J. Kim for Plaintiff and Appellant.
Miller Brown & Dannis and Sue Ann Salmon Evans for Defendant and Respondent.

OPINION
TURNER, P. J.

I. INTRODUCTION
United Teachers Los Angeles (the union) appeals from an order denying its petition to compel arbitration of a dispute with Los Angeles Unified School District (the district) over alleged collective bargaining agreement violations. The alleged violations of the collective bargaining agreement concern the district's approval of a charter school petition, which was made pursuant to the Charter Schools Act of 1992. (Ed. Code,[1] § 47600 et seq.) The district refused to submit the dispute to arbitration on the ground the charter school *866 provision of the collective bargaining agreement either violated or was preempted by section 47611.5, subdivision (e). Citing Board of Education v. Round Valley Teachers Assn. (1996) 13 Cal.4th 269, 277-288 [52 Cal.Rptr.2d 115, 914 P.2d 193], the trial court agreed with the district and denied the union's petition to compel arbitration. We reverse the order denying the petition to compel arbitration.

II. BACKGROUND
On May 11, 2007, Green Dot Public Schools filed a charter petition with the district. The petition sought to convert Alain Leroy Locke Senior High School (Locke high school) to a charter school. The district's education board granted the charter school petition on September 11, 2007.
On May 9, 2008, the union filed a petition to compel arbitration pursuant to a written collective bargaining agreement. The petition alleges that article V of the collective bargaining agreement outlines the three-step grievance procedure. The three-step grievance procedure must be pursued when the union claims the district violates the collective bargaining agreement. Article V, section 11.0 provides that if the grievance is not settled in step two, the union may submit the matter to arbitration. Article V, section 1.0 of the collective bargaining agreement defines a grievance as "a claim that the district has violated an express term" of the collective bargaining agreement. Article XII-B of the collective bargaining agreement sets forth procedures for converting a school to a charter school. Article XII-B states in part, "The primary purpose of this Article is to mitigate the potentially disruptive effect upon employees assigned to schools which are converting (or considering converting) to independent charter schools." Article XII-B, section 2.0 sets forth the duties of the union and its members in processing a conversion charter petition. Article XII-B, section 3.0 establishes disclosure requirements by a charter school operator to employees of a proposed charter school.
The petition also alleges that, on August 30, 2007, the union filed a grievance against the district. The grievance alleged that the district had violated article XII-B, sections 2.0 and 3.0 of the collective bargaining agreement in connection with the Locke high school conversion. The grievance asserted the district had violated the collective bargaining agreement by not presenting the complete charter to employees; not giving ample time to permit affected employees and the community a reasonable opportunity to review and discuss the plan; not giving the union a copy of the proposed charter for review; and not clearly and fully disclosing the conditions of employment with the charter school. The district denied the union's grievance on December 4, 2007. To comply with step two of the grievance procedures, the union sent a letter dated January 9, 2008, to the district. The union *867 subsequently requested arbitration of the dispute by letter dated January 29, 2008. The district refused to submit to arbitrate the controversy. The union's points and authorities argued: Government Code section 3548.7, which is part of the Educational Employment Relations Act, permits an aggrieved party to an arbitration clause to file a petition to compel arbitration pursuant to Code of Civil Procedure section 1281.2; there was no dispute about the validity of the collective bargaining agreement; the trial court's jurisdiction was limited to determining whether there was an arbitration agreement, a refusal to do so or an exception to the duty to arbitrate; and the arbitrator must decide the substantive merits of the dispute.
The district opposed the union's petition to compel arbitration. First, in a footnote, the district argued the union had no standing to challenge the alleged violations of the collective bargaining agreement on behalf of its members. Second, relying upon Board of Education v. Round Valley Teachers Assn., supra, 13 Cal.4th at pages 277-288, the district asserted the union's claims concerning the alleged violations of the collective bargaining agreement could not be arbitrated. The district asserted that Code of Civil Procedure section 1281.2 requires the existence of a valid agreement to arbitrate. According to the district, there was no valid agreement to arbitrate the alleged violation of the collective bargaining agreement. The district reasoned that article XII-B of the collective bargaining agreement was either preempted or invalidated by section 47611.5, subdivision (e) which provides that the approval of a charter school petition shall not be controlled by a collective bargaining agreement nor subject to review or regulation by the Public Employment Relations Board. Further, the district argued that article XII-B of the collective bargaining agreement is invalid because it imposes procedural steps on the district beyond what is required under section 47605.
Citing Board of Education v. Round Valley Teachers Assn., supra, 13 Cal.4th at pages 277-288, the trial court denied the petition to compel arbitration. Notice of entry of the trial court's ruling denying the petition was given on December 17, 2008. The union filed a notice of appeal on February 13, 2009.

III. DISCUSSION

A. Standing
The district asserts the union lacks standing to pursue the grievance because neither the charter school operator nor Locke high school's staff are parties to the collective bargaining agreement. The determination of standing to compel arbitration of a controversy is a legal question. (Bouton v. USAA, Casualty Ins. Co. (2008) 167 Cal.App.4th 412, 425 [84 Cal.Rptr.3d 152]; *868 Smith v. Microskills San Diego L.P. (2007) 153 Cal.App.4th 892, 900 [63 Cal.Rptr.3d 608].) We conclude the union had standing to file the petition to compel arbitration.
(1) Code of Civil Procedure section 1281.2 provides that the court should compel arbitration "[o]n petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate" subject to specified exceptions. Code of Civil Procedure section 1280, subdivision (e) states in part: "`Party to the arbitration' means a party to the arbitration agreement: [¶] (1) Who seeks to arbitrate a controversy pursuant to the agreement. . . ." The general rule is that a party or signatory to an arbitration agreement may seek to enforce it. (Bouton v. USAA Casualty Ins. Co., supra, 167 Cal.App.4th at pp. 423-424; City of Hope v. Bryan Cave, L.L.P. (2002) 102 Cal.App.4th 1356, 1369 [126 Cal.Rptr.2d 283].) It is undisputed that the district and the union are both parties to the collective bargaining agreement. The union is seeking to enforce provisions of the collective bargaining agreement. The union and the district are in a dispute about a provision of the collective bargaining agreement. Thus, one party to an agreement to arbitrate is seeking to enforce the arbitration clause against another signatory. (Code Civ. Proc., §§ 1280, subd. (e), 1281.2; Melander v. Hughes Aircraft Co. (1987) 194 Cal.App.3d 542, 546 [239 Cal.Rptr. 592]; see also Bouton v. USAA Casualty Ins. Co., supra, 167 Cal.App.4th at pp. 423-424.)
(2) The district nevertheless argues that the union has no standing to compel arbitration. The district argues neither the charter school nor the union members are a party to the collective bargaining agreement. Government Code section 3543.8, which is part of the Educational Employment Relations Act, provides in part, "Any employee organization shall have standing to sue in any action or proceeding heretofore or hereafter instituted by it as representative and on behalf of one or more of its members." Government Code section 3543.8 confers standing on a labor union to represent its members. (Professional Fire Fighters, Inc. v. City of Los Angeles (1963) 60 Cal.2d 276, 283-284 [32 Cal.Rptr. 830, 384 P.2d 158], disapproved on a different point in Bishop v. City of San Jose (1969) 1 Cal.3d 56, 63, fn. 6 [81 Cal.Rptr. 465, 460 P.2d 137] [labor union has standing to represent members]; California School Employees Assn., Tustin Chapter No. 450 v. Tustin Unified School Dist. (2007) 148 Cal.App.4th 510, 523-524 [55 Cal.Rptr.3d 739] [union had standing to seek relief on behalf of employees other than the specific aggrieved employee]; Anaheim Elementary Education Assn. v. Board of Education (1986) 179 Cal.App.3d 1153, 1157 [225 Cal.Rptr. 468] [standing to sue extends to former members even if the union is no longer the exclusive bargaining representative]; International Union of Auto etc. Workers v. Department of Human Resources Dev. (1976) 58 Cal.App.3d 924, 933-935 [130 Cal.Rptr. 368] [union had standing "to represent its members in an action which is inseparably founded upon its members' employment"]; *869 California School Emp. Assn. v. Sequoia etc. School Dist. (1969) 272 Cal.App.2d 98, 104 [77 Cal.Rptr. 187] [union had standing to sue on behalf of cafeteria employees who were dismissed after cafeteria operation discontinued]; California Sch. Employees Assn. v. Willits Unified Sch. Dist. (1966) 243 Cal.App.2d 776, 779-780 [Gov. Code, § 3500 et seq. gave union standing to sue to enforce employment rights of its members including formerly employed janitors].) Thus, the union has standing to pursue the claims raised by the petition to compel arbitration.
Our Supreme Court's recent decision in Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court (2009) 46 Cal.4th 993, 1000-1001 [95 Cal.Rptr.3d 605, 209 P.3d 937] is not pertinent to the outcome of this appeal. In that case, our Supreme Court held that a union, which has not suffered any damage, has no standing to file an unfair competition law or Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.) representative action on behalf of the rank-and-file membership. (46 Cal.4th at pp. 998, 1001.) Our Supreme Court reasoned that under the unfair competition law or Labor Code Private Attorney Generals Act of 2004, the plaintiff must have suffered injury. (46 Cal.4th at pp. 1000-1001.) Our case does not involve the unfair competition law or Labor Code Private Attorneys General Act of 2004. Rather, our case is controlled by the specifically applicable provisions of Government Code section 3543.8 which generally grants standing to a union to represent its members.

B. Merits
The present dispute arises in the context of an arbitration provision in a collective bargaining agreement. As such, the controlling statute is Government Code section 3548.7 which states, "Where a party to a written agreement is aggrieved by the failure, neglect, or refusal of the other party to proceed to arbitration pursuant to the procedures provided therefor in the agreement or pursuant to an agreement made pursuant to Section 3548.6, the aggrieved party may bring proceedings pursuant to Title 9 (commencing with Section 1280) of Part 3 of the Code of Civil Procedure for a court order directing that the arbitration proceed pursuant to the procedures provided therefor in such agreement or pursuant to Section 3548.6." (See San Mateo City School Dist. v. Public Employment Relations Bd. (1983) 33 Cal.3d 850, 855 [191 Cal.Rptr. 800, 663 P.2d 523]; South Bay Union School Dist. v. Public Employee Relations Bd. (1991) 228 Cal.App.3d 502, 507, fn. 5 [279 Cal.Rptr. 135].) Government Code section 3548.7 is part of the Educational Employment Relations Act which was originally adopted in 1975. (Stats. 1975, ch. 961, § 2, p. 2247; Gov. Code, § 3540 et seq.; see Pacific Legal Foundation v. Brown (1981) 29 Cal.3d 168, 177 [172 Cal.Rptr. 487, 624 P.2d 1215].) Code of Civil Procedure section 1281 states, "A written agreement to submit to arbitration *870 an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." The trial court has authority to compel arbitration pursuant to Code of Civil Procedure section 1281.2 which provides in part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner; or [¶] (b) Grounds exist for the revocation of the agreement. . . ." Code of Civil Procedure section 1281.2 further provides in part, "If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit." The statutory provisions set forth in this paragraph control the outcome of this case.
(3) Doubts as to whether an arbitration clause applies to a particular dispute should be resolved in favor of sending the parties to arbitration. (Cronus Investments, Inc. v. Concierge Services (2005) 35 Cal.4th 376, 386 [25 Cal.Rptr.3d 540, 107 P.3d 217]; Vianna v. Doctors' Management Co. (1994) 27 Cal.App.4th 1186, 1189 [33 Cal.Rptr.2d 188].) However, the right to compel arbitration depends upon the existence of a valid contract between the parties. (County of Contra Costa v. Kaiser Foundation Health Plan, Inc. (1996) 47 Cal.App.4th 237, 245 [54 Cal.Rptr.2d 628]; Marsch v. Williams (1994) 23 Cal.App.4th 250, 253 [28 Cal.Rptr.2d 398].) The question of whether a valid agreement to arbitrate exists is determined by reference to state law applicable to contracts generally. (Doctor's Associates, Inc. v. Casarotto (1996) 517 U.S. 681, 686-687 [134 L.Ed.2d 902, 116 S.Ct. 1652]; Engalla v. Permanente Medical Group, Inc. (1997) 15 Cal.4th 951, 971-972 [64 Cal.Rptr.2d 843, 938 P.2d 903].) California has a strong public policy in favor of arbitration. (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899]; Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251].) But there is no public policy favoring arbitration of disputes which parties have not agreed to arbitrate. (Freeman v. State Farm Mut. Auto Ins. Co. (1975) 14 Cal.3d 473, 481 [121 Cal.Rptr. 477, 535 P.2d 341]; Cione v. Foresters Equity Services, Inc. (1997) 58 Cal.App.4th 625, 634 [68 Cal.Rptr.2d 167].) The moving party has the burden of proving the existence of a valid arbitration clause and the dispute is covered by the agreement. (Engalla v. Permanente Medical Group, Inc., supra, 15 Cal.4th at p. 972; Rosenthal v. Great Western Fin. Securities Corp. (1996) 14 Cal.4th 394, 413-414 [58 Cal.Rptr.2d 875, 926 P.2d 1061].) If the moving party meets the foregoing burden, the opposing litigant has the responsibility to prove by a *871 preponderance of the evidence any defense to the petition. (Engalla v. Permanente Medical Group, Inc., supra, 15 Cal.4th at p. 972; Rosenthal v. Great Western Fin. Securities Corp., supra, 14 Cal.4th at p. 413.) In the absence of any disputed historical facts, we review the order denying the petition to compel arbitration de novo. (Ghirardo v. Antonioli (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]; Valentine Capital Asset Management, Inc. v. Agahi (2009) 174 Cal.App.4th 606, 613 [94 Cal.Rptr.3d 526].)
(4) The district contends the trial court properly concluded that the article XII-B of the collective bargaining agreement was preempted or invalidated by section 47611.5, subdivision (e). The district asserts that the collective bargaining agreement provision governing the charter school petition process cannot be reviewed by an arbitrator. Therefore, the district argues the arbitration agreement cannot be enforced. In this vein, the district argues an arbitrator cannot enforce article XII-B of the collective bargaining agreement, which delineates the procedures to be followed in the case of a charter school conversion, because of section 47611.5, subdivision (e). We respectfully disagree.
(5) The district is arguing the union's position concerning its members' rights under the collective bargaining agreement has no merit because of the dispositive effect of section 47611.5, subdivision (e). But the merits of a dispute, such as the effect of section 47611.5, subdivision (e), must be resolved in the first instance by the arbitrator. Whether there is a meritorious defense to the enforcement of article XII-B was not properly raised as a defense to the petition to compel arbitration. (Code Civ. Proc., § 1281.2; California Correctional Peace Officers Assn. v. State of California (2006) 142 Cal.App.4th 198, 205 [47 Cal.Rptr.3d 717]; see Service Employees Internat. Union, Local 1000 v. Department of Personnel Admin. (2006) 142 Cal.App.4th 866, 874-875 [48 Cal.Rptr.3d 457].) And the arbitrator is authorized to decide the merits of the district's section 47611.5, subdivision (e) defense.
Rather, at this stage, our determination and that of a trial court is limited to whether there was a valid agreement to arbitrate. (Code Civ. Proc., §§ 1281, 1281.2; California Correctional Peace Officers Assn. v. State of California, supra, 142 Cal.App.4th at pp. 210-211; see also Engalla v. Permanente Medical Group, Inc., supra, 15 Cal.4th at p. 972; Rosenthal v. Great Western Fin. Securities Corp., supra, 14 Cal.4th at pp. 413-414.) Arbitrators are authorized to resolve statutory claims. This includes interpreting statutes and considering statutory defenses. (Broughton v. Cigna Healthplans (1999) 21 Cal.4th 1066, 1075 [90 Cal.Rptr.2d 334, 988 P.2d 67]; Moncharsh v. Heily & Blase, supra, 3 Cal.4th at p. 33; California Correctional Peace Officers *872 Assn. v. State of California, supra, 142 Cal.App.4th at pp. 208-209.) This includes the district's section 47611.5, subdivision (e) defense.
The present case is similar to the scenario in California Correctional Peace Officers Assn. v. State of California, supra, 142 Cal.App.4th at pages 204-211. In California Correctional Peace Officers Assn., the union asserted that rank-and-file members could participate in meet and confer sessions involving supervisors and vice versa. When management refused to permit negotiations to occur in the presence of others, the union filed a petition to compel arbitration. (Id. at pp. 202-203.) Management resisted the petition arguing that Government Code section 3529, subdivision (c)[2] excluded supervisors from participating in meet and confer meetings with rank-and-file employees and vice versa. (142 Cal.App.4th at p. 204.) The trial court denied the petition to compel arbitration because the dispute was governed in its view by Government Code section 3529, subdivision (c). (142 Cal.App.4th at p. 204.)
(6) Our colleague, Associate Justice Sandra Lynn Margulies, held the petition to compel arbitration should have been granted. Associate Justice Margulies explained: "[P]arties to a dispute have agreed to arbitrate the dispute, section 1281.2 requires arbitration unless the agreement is revocable or arbitration has been waived. Further, there is a strong public policy favoring arbitration. [Citation.] There is no statutory exception for arbitrations presenting issues of statutory construction. [¶] Fundamentally, the Department is attempting to leverage its contention that Government Code section 3529 supersedes the substantive terms of the MOU into an argument that section 3529 supersedes the obligation to arbitrate entirely. Even assuming the Department is correct that section 3529 supersedes any inconsistent provisions of the MOU, section 3529 in no way prevents the presentation of this argument to an arbitrator. Reduced to its essence, the Department's claim is that it should be permitted to avoid arbitration because the Union's position is barred by section 3529in other words, that the Union's claim, as a matter of law, has no merit. As discussed above, Code of Civil Procedure section 1281.2 expressly forbids courts from denying arbitration on the ground that the petitioner's claim is meritless." (California Correctional Peace Officers Assn. v. State of California, supra, 142 Cal.App.4th at p. 211, original italics.) In our case, the district is contending that section 47611.5, subdivision (e) prevents the arbitrator from granting the union any relief. Associate Justice Margulies's analysis in California Correctional Peace Officers Assn. is directly relevant herethe issue the district contends is dispositive must first be presented to the arbitrator.
*873 Further, there is no merit to the district's argument that Board of Education v. Round Valley Teachers Assn., supra, 13 Cal.4th at pages 277-288 mandates that the statutory section 47611.5, subdivision (e) defense is a matter which only the trial court can resolve in connection with the petition to compel arbitration. In Board of Education, our Supreme Court held an arbitrator exceeded his powers thereby permitting the award to be set aside pursuant to Code of Civil Procedure section 1286.2, subdivision (a)(4).[3] In Board of Education, the Round Valley education board refused to rehire a probationary teacher. Pursuant to a collective bargaining agreement, the legality of the refusal to rehire was contested by the probationary employee's union. The arbitrator, acting pursuant to a collective bargaining agreement, returned an award in favor of the probationary teacher. The award required that the teacher be given a hearing at which he could contest the correctness of the refusal to rehire. Further, the collective bargaining agreement required good cause be present to terminate a probationary teacher. (13 Cal.4th at pp. 273-274.) Our Supreme Court, in passing on a petition to vacate the award held that section 44929.21, subdivision (b)[4] preempted the procedural protections contained in the collective bargaining agreement. (13 Cal.4th at pp. 272, 277-288.) Before deciding the preemption issue, our Supreme Court held that postaward judicial review of the award was warranted as an exceptional circumstance to the arbitration finality rule. (Id. at pp. 273-276.) Our Supreme Court held: "We conclude section 44929.21(b) preempts collective bargaining agreements as to causes and procedures governing the reelection of probationary teachers. The statutory scheme governing the proper subjects for collective bargaining (Gov. Code, § 3540 et seq.) and the reelection of probationary teachers (§ 44929.21(b)) makes it clear that a school district's decision not to reelect a probationary teacher after the second year of employment is vested exclusively in the district and may not be the subject of collective bargaining. Moreover, because the arbitrator's decision below is inconsistent with District's statutory rights under the Education Code, the *874 issue is subject to judicial review. [Citation.]" (Id. at pp. 287-288.) Board of Education only holds that an award is subject to judicial review on preemption grounds because, in that case, the arbitrator exceeded his powers. Board of Education does not address the issue of nor hold that the statutory defense was not subject, in the first instance, to arbitration.
Our views concerning Board of Education v. Round Valley Teachers Assn., supra, 13 Cal.4th at pages 277-288 are consistent with Associate Justice Margulies's analysis in California Correctional Peace Officers Assn. v. State of California, supra, 142 Cal.App.4th at page 209: "In . . . Board of Education v. Round Valley Teachers Assn. . . ., the school district claimed that the collective bargaining agreement, as interpreted by the arbitrator, was inconsistent with provisions of the Education Code and the code superseded the provisions of the collective bargaining agreementan argument similar in nature to the defense asserted by [the state agency in response to a Code of Civil Procedure section 1281.2 petition]. [Citation.] Despite the school district's purportedly conclusive statutory defense, the Supreme Court did not suggest that such a case should never have reached the arbitrator. Rather, it ruled that the Education Code provisions represented an `"explicit legislative expression of public policy'"' permitting review of the arbitrator's award to ensure that it did not contravene public policy. [Citation.]" (Italics omitted.)
In our case, if the arbitrator concludes that the district violated the collective bargaining agreement, it may then challenge the award in the trial court based on its defense that section 47611.5, subdivision (e) preempts the union's grievance rights. (See Board of Education v. Round Valley Teachers Assn., supra, 13 Cal.4th at pp. 277, 287-288; Service Employees Internat. Union, Local 1000 v. Department of Personnel Admin., supra, 142 Cal.App.4th at pp. 874-875; California Correctional Peace Officers Assn. v. State of California, supra, 142 Cal.App.4th at pp. 210-211.) By contrast, the arbitrator may decide that the district did not violate the collective bargaining agreement. In such a case, there would be no need to decide the preemption issue in the courts. (See Service Employees Internat. Union, Local 1000 v. Department of Personnel Admin., supra, 142 Cal.App.4th at pp. 874-875 [statutory and constitutional claims can await arbitrator's decision on the contract where decision may dispose of constitutional and statutory issues and thereby save judicial resources]; California Correctional Peace Officers Assn. v. State, supra, 142 Cal.App.4th at pp. 210-211 [state agency may not skip arbitration on the basis that the union's claims are either inconsistent with statutory law or public policy because the arbitrator can decide the issue in the first instance].) In sum, the petition to compel arbitration should have been granted.

*875 IV. DISPOSITION
The order denying the petition to compel arbitration is reversed. Plaintiff, United Teachers Los Angeles, shall recover its costs incurred on appeal from defendant, Los Angeles Unified School District.
Armstrong, J., and Kriegler, J., concurred.
NOTES
[1] All further statutory references are to the Education Code unless otherwise indicated.
[2] Government Code section 3529, subdivision (c) provides, "Excluded employees shall not participate in meet and confer sessions on behalf of nonexcluded employees. Nonexcluded employees shall not participate in meet and confer sessions on behalf of supervisory employees."
[3] Code of Civil Procedure section 1286.2, subdivision (a)(4) states: "(a) Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following: [¶] . . . [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."
[4] Section 44929.21, subdivision (b) states in part: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district. [¶] . . . [¶] The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year."