**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHELLE MEEKS, | No. 11-17928 |
| Petitioner - Appellant, | D.C. No. 4:11-cv-01021-CW |
| v. | |
| HOST INTERNATIONAL, INC.; UNITE HERE! LOCAL 2, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Michelle Meeks appeals pro se from the district court's judgment dismissing

her petition to vacate the arbitration award concerning the termination of her

employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Meeks's
request for oral argument is denied.

the district court's denial of Meeks's motion for remand to state court, *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993), and its dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly denied Meeks's motion for remand because her petition, at least in part, arose under federal law. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (federal question jurisdiction arises under 28 U.S.C. § 1331 if a federal right or immunity is an essential element of plaintiff's claim or if a state law claim necessarily raises a disputed and substantial federal issue); *see also Ramirez*, 998 F.2d at 747 (state law claims are completely preempted by § 301 of the Labor Management Relations Act where their resolution depends upon the meaning of a collective bargaining agreement, and removal of such claims is permissible).

Dismissal of Meeks's petition to vacate the arbitration decision was proper because the petition lacked a viable basis under federal or state law. *See Andrus v. Convoy Co.*, 480 F.2d 604, 606 (9th Cir. 1973) ("[E]mployees cannot attack [a] final [arbitration] award, except on the grounds of fraud, deceit or breach of the

duty of fair representation or unless the grievance procedure was a sham, substantially inadequate or substantially unavailable." (citation and internal quotation marks omitted)); *Melander v. Hughes Aircraft Co.*, 239 Cal. Rptr. 592, 594-96 (Ct. App. 1987) (concluding that only a party to the arbitration agreement has standing to petition to vacate an arbitration decision, and that employee-union member lacked standing to attack the arbitration award).

To the extent that Meeks sought to assert a hybrid § 301/fair representation claim, dismissal was proper because Meeks failed to allege facts showing that the union's actions were arbitrary, discriminatory, or in bad faith. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) ("In order to prevail in any [hybrid § 301/fair representation] suit, the plaintiff must show that the union and the employer have both breached their respective duties."); *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985) ("A union breaches its duty of fair representation only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." (citation and internal quotation marks omitted)).

To the extent that Meeks sought to assert a claim for ineffective assistance of counsel, the district court properly dismissed that claim because the Sixth Amendment right to assistance of counsel is generally limited to criminal

proceedings. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam).

Dismissal of Meeks's claim for violation of her right to a jury trial was also proper. *See Southland Corp. v. Keating*, 465 U.S. 1, 10-11 (1984) (explaining that in enacting the Federal Arbitration Act, Congress, with two limited exceptions, "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration"); *cf. Ruiz v. Podolsky*, 237 P.3d 584, 594 (Cal. 2010) (California legislature's reasonable delegation of authority to enter into arbitration agreements does not violate state constitutional right to a jury trial).

Meeks's contentions concerning the constitutionality of the removal statute, arbitration generally, and the National Labor Relations Act, as well as those concerning the involvement of William R. Henshall in this matter, are unpersuasive.

**AFFIRMED.**

11-17928