Matter of Serra-Gonzalez v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2026 NY Slip Op 00780)

Matter of Serra-Gonzalez v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2026 NY Slip Op 00780

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2022-10060
 (Index No. 528211/21)

[*1]In the Matter of Nicole Serra-Gonzalez, appellant,
vBoard of Education of the City School District of the City of New York, et al., respondents.

Jimmy Wagner, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Melanie T. West, and Chloe K. Moon of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated September 10, 2021, and pursuant to CPLR article 78 to review a determination of the New York City Department of Education dated October 2, 2021, placing the petitioner on leave without pay, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Carl J. Landicino, J.), dated October 6, 2022. The order and judgment, insofar as appealed from, granted the respondents' cross-motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner is a tenured teacher for the New York City Department of Education (hereinafter the DOE). In August 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued an order (hereinafter the vaccine mandate), requiring, among others, employees of the DOE to be vaccinated against COVID-19 and provide proof of such vaccination. In September 2021, following arbitration between the DOE and the United Federation of Teachers (hereinafter UFT), the union representing a majority of teachers in New York City public schools, an arbitrator issued an award (hereinafter the Impact Award), which established a process for the implementation of the vaccine mandate. The Impact Award provided, among other things, that "[a]ny unvaccinated employee who has not requested an exemption . . . , or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay," that "[e]mployees who become vaccinated while on such leave without pay and provide appropriate documentation . . . prior to November 30, 2021, shall have a right of return to the same school," and that "[b]eginning December 1, 2021, the DOE shall seek to unilaterally separate" such employees who remained on leave without pay.
On October 2, 2021, the petitioner was placed on leave without pay by the DOE after failing to submit proof of vaccination by the deadline. The petitioner then commenced this proceeding pursuant to CPLR article 75 to vacate the Impact Award and pursuant to CPLR article 78 to review the DOE's determination dated October 2, 2021, placing her on leave without pay, [*2]alleging, inter alia, that the DOE violated Education Law §§ 3020 and 3020-a by doing so without providing hearings under those statutes. The respondents cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. In an order and judgment dated October 6, 2022, the Supreme Court granted the respondents' cross-motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
Since the petitioner was not a party to the arbitration between the DOE and the UFT, she does not have standing to seek review of the Impact Award (see id. § 7511; Matter of O'Reilly v Board of Educ. of the City Sch. Dist. of the City of N.Y., 42 NY3d 986, 990-991; Matter of Soto [Goldman], 7 NY2d 397, 399; Matter of Baksh v New York Racing Assn., Inc., 225 AD3d 689, 690).
Moreover, contrary to the petitioner's contention, she was not entitled to the hearing procedures outlined in Education Law §§ 3020 and 3020-a before being placed on leave without pay for failure to comply with the vaccine mandate because the mandate is a condition of employment (see Matter of O'Reilly v Board of Educ. of the City Sch. Dist. of the City of N.Y., 42 NY3d at 991).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the respondents' cross-motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied the petition, and dismissed the proceeding.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court